## UNITED STATES *v.* GEORGE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEBRASKA.

No. 442.   Argued February 26, 1913.—Decided March 24, 1913.

*Quære:* whether the Criminal Appeals Act of March 2, 1907, does not
require an explicit declaration of the law upon which the indictment
is based and a ruling on its validity and construction; and whether
on an appeal taken under that act the Government can seek to sus-
tain the indictment as valid under other statutes than those relied
upon in the trial court.

An indictment for perjury under § 5392, Rev. Stat., cannot be based
on an affidavit not authorized or required by any law of the United
States.

Sections 161, 441, 453, 2246 and 2478, Rev. Stat., confer administrative
power only on the Secretary of the Interior and the officers of the
Land Department. They do not confer legislative power.

There is a distinction between legislative and administrative functions,
and under a statutory power to make regulations an administrative
officer cannot abridge or enlarge the conditions imposed by statute.

Section 2291, Rev. Stat., prescribes what a homestead claimant and
the witnesses are required to make oath to and the Secretary of the
Interior has no power to enlarge these requirements.

A charge of crime against the United States must have clear legislative
basis.

A homestead claimant making an affidavit not required by § 2291,
Rev. Stat., is not guilty of perjury under § 5392, Rev. Stat., although
the affidavit was demanded by the Land Office in pursuance of a
regulation made ' y the Secretary of the Interior.

THE facts, which involve the construction of § 5392,
Rev. Stat., and the validity of an indictment thereunder
for perjury, are stated in the opinion.

*Mr. Solicitor General Bullitt* for the United States:
Sworn testimony from a homestead claimant himself
as to residence and cultivation is authorized by law within

the meaning of Rev. Stat., § 5392, so that perjury may be predicated on the falsity of the testimony.

The indictment is based on a regulation of the General Land Office. See Circular of Commissioner of General Land Office, dated July 17, 1878. *Caha* v. *United States,* 152 U. S. 211, 222.

The regulation of the General Land Office was fully authorized by statute. Rev. Stat., §§ 161, 441, 453, 2246, 2478, 2289 *et seq.*

The regulation is appropriate and in pursuance of the enforcement of Rev. Stat., § 2291. See letter of Secretary of Interior to Commissioner of General Land Office, January 28, 1878.

There is no delegation of legislative power. *United States* v. *Grimaud,* 220 U. S. 506; *Williamson* v. *United States,* 207 U. S. 425; *Caha* v. *United States,* 152 U. S. 211; *United States* v. *Bailey,* 9 Pet. 238.

This court has jurisdiction to consider the view of the case herein advanced.

*Mr. J. J. Halligan,* with whom *Mr. H. C. Brome* and *Mr. W. T. Wilcox* were on the brief, for defendant in error:

The act of Congress especially provides what the entryman shall make affidavit to in making his final proof, and the Secretary of the Interior has no authority to enlarge the act of Congress, and require the entryman to swear to facts which the act provides shall be proven by two credible witnesses, and perjury cannot be based upon the oath of the entryman to facts which Congress did not require him to make affidavit, but proof of which was required to be made by two other credible witnesses. *Williamson* v. *United States,* 207 U. S. 425; *Robnett* v. *United States,* 169 Fed. Rep. 178; *Dwire* v. *United States,* 170 Fed. Rep. 160; *Patterson* v. *United States,* 181 Fed. Rep. 970; *United States* v. *Howard,* 37 Fed. Rep. 369; *United States* v. *Bed-*

*good,* 49 Fed. Rep. 54; *Silver* v. *State,* 17 Ohio, 369; *United States* v. *Maid,* 116 Fed. Rep. 650; *United States* v. *Eaton,* 144 U. S. 678.

The case at bar is not to be confounded with those cases wherein Congress has expressly authorized executive departments to make rules to carry out the specific provisions of various acts, and which rules were not provided by Congress itself. Conspicuous examples of those cases are: *United States* v. *Grimaud,* 220 U. S. 506; *United States* v. *Nelson,* 199 Fed. Rep. 464.

Mr. Justice McKenna delivered the opinion of the court.

Indictment for perjury,[1] by which defendant in error (herein referred to as defendant) is charged with falsely and corruptly taking his solemn oath in a proceeding wherein a law of the United States authorized an oath to be administered before the register of the United States land office at North Platte, Nebraska, the proceeding being the making of proof and final entry of a homestead claim of certain described lands.

The indictment charges that defendant took an oath and subscribed the same and deposed thereby that he built a house and other improvements on the land, which he described and stated their value to be $300.00, and established his residence thereon in April, 1901. The dimensions of the house and other improvements were stated. He further deposed that he had continuously

---

[1] Sec. 5392. Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished, etc.

resided on the land after he had established his residence thereon, and his family after his marriage in 1902, with the exception of certain absences which were stated.

These facts, it is alleged in the indictment, were matters of material inquiry of the good faith of the defendant in perfecting his homestead entry. The indictment explicitly negatived the facts so deposed by defendant and charged that he "was not acting in good faith in making said entry and final proof as a home for himself, but in fact to defraud the United States out of the use, title, and possession of said land."

Defendant demurred to the indictment and stated as grounds thereof (1) that it failed to state or charge any crime under the laws of the United States. (2) That there was no law of the United States which required defendant, as claimant, in making his homestead proof, to testify with reference to the matters and things set forth in the indictment, the law of the United States requiring that the facts be proved by two credible witnesses other than the claimant, and did not authorize the claimant to testify in his own behalf with reference thereto.

The demurrer was sustained, and the case was then brought here under the Criminal Appeals Act.

It will be observed that the indictment charges that the oath was taken in a proceeding wherein a law of the United States authorized an oath to be administered. Whether it was is the question in the case; and we are brought to the inquiry as to what law of the United States authorized the oath. To this inquiry the record discloses divergent answers on the part of the Government. In the District Court it was the view and contention of the Government that the indictment was founded on § 5392 of the Revised Statutes and § 2291, as amended by the act of March 3, 1877, c. 122, 19 Stat. 403. The record not disclosing this, and that it might appear, a bill of exceptions was tendered to and authenticated by the district judge.

The bill of exceptions recites that the court in sustaining the demurrer based its decision upon those sections as the law upon which the indictment was founded "and held that there is no law of the United States which required the defendant, as claimant, in making his homestead proof, to testify with reference to the matters and things set forth in the indictment; the law of the United States requiring that said facts be proved by two credible witnesses other than the claimant, and not authorizing the claimant to testify in his own behalf with reference thereto." And so far as the assignment of errors is specific it states § 2291 as the applicable law and assails its construction.

This view of the applicable law of the indictment is now abandoned. Indeed, it is distinctly rejected. The Government in its brief here says: "The present indictment was *not* based on § 2291, for it seems probable that the 'two credible witnesses' there provided for mean two persons *other* than the claimant himself. Therefore, we must seek elsewhere for the authority in law for the claimant to make the oath as to his residence on, and cultivation of, the land he seeks to homestead." And, going elsewhere, the Government finds the law, as it contends, in certain regulations made by the Interior Department.

There is ground for a contention that if this court should be put to a choice between these views of the applicable law of the indictment we should have to select that urged and passed upon by the trial court, and a query might then occur—has this court jurisdiction under the Criminal Appeals Act? That act allows a direct appeal to this court "from a decision or judgment . . . sustaining a demurrer to any indictment . . . where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment is founded." Act of March 2, 1907, c. 2564, 34 Stat. 1246,

This statute seems to require an explicit declaration of the law upon which an indictment is based and a ruling on its validity or construction. To contend for one law as applicable in the trial court and another law in the appellate court would seem not only to be opposed to the requirement of the statute but to be inconsistent with orderly procedure and to confound the relation of trial and appellate tribunals.

But, accepting the case as properly here, we pass to the consideration of the present contention of the Government. Section 2291 is certainly a necessary if not a determinative element in that consideration. It provides as follows: " `. . . If . . . the person making such entry . . . proves by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years . . . and makes affidavit that no part of such land has been alienated . . . and that he, she or they will bear true allegiance to the Government of the United States; then, in such case, he, she or they . . . shall be entitled to a patent." It will be observed that the facts required to be proved are stated, by what means proved, and the manner of proof and its quantum. The facts to be proved are (1) cultivation of and residence upon the land and (2) non-alienation and allegiance; the means of proof of the first being two credible witnesses; of the second, affidavit of the claimant. In other words, the section is not only explicit as to what is to be proved but in what manner proved; and what is required of the claimant himself, to-wit, an affidavit, is distinguished from what he must establish by others, to-wit, two credible witnesses. Such, then, are the conditions seemingly legislatively made the exact measure of the obligation of the homestead claimant. It certainly will not be asserted that they can be detracted from. It is asserted that they may be added to, and have been added to by virtue of certain sections of the Revised

Statutes.  We insert the sections in the margin.[1]  It will be seen that they confer administrative power only.  This is indubitably so as to §§ 161, 441, 453 and 2478; and certainly under the guise of regulation legislation cannot be exercised.  *United States* v. *United Verde Copper Co.*, 196 U. S. 207.  Especial stress, however, is put upon § 2246. By that section the register or receiver is authorized and it is made his "duty to administer any oath required by law or the instructions of the General Land Office in connection with the entry or purchase of any tract of land." These sections, it is contended, as we have seen, were the law of the indictment.

Acting under the authority presumed to be given by. § 2246 and the other sections, a regulation was promulgated which prescribed forms of taking preëmption and

---

[1] Sec. 161. The head of each Department is authorized to prescribe regulations, not inconsistent with law, for the government of his Department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it.

Sec. 441. The Secretary of the Interior is charged with the supervision of public business relating to the following subjects:

  *  *  *  *  *  *  *  *

Second.  The public lands  .  .  .

Sec. 453. The Commissioner of the General Land Office shall perform, under the direction of the Secretary of the Interior, all executive duties appertaining to the surveying and sale of the public lands of the United States, or in anywise respecting such public lands, and, also, such as relate to private claims of land, and the issuing of patents for all grants of land under the authority of the Government.

Sec. 2246. The register or receiver is authorized, and it shall be their duty, to administer any oath required by law or the instructions of the General Land Office, in connection with the entry or purchase of any tract of the public lands; but he shall not charge or receive, directly or indirectly, any compensation for administering such oath.

Sec. 2478. The Commissioner of the General Land Office, under the direction of the Secretary of the Interior, is authorized to enforce and carry into execution, by appropriate regulations, every part of the provisions of this Title not otherwise specially provided for.

final homestead proof by questions and answers, and provided that "the claimant will be required to testify, as a witness, in his own behalf in the same manner." It was testimony exacted in pursuance of this regulation and in the manner directed by it which constitutes the charge of the indictment. It will be observed, therefore, that the claimant was required to testify as other witnesses. In other words, three witnesses were required; § 2291 requires two only and, as we have said, points out what proof, in addition, the claimant himself shall give. It is manifest that the regulation adds a requirement which that section does not, and which is not justified by § 2246. To so construe the latter section is to make it confer unbounded legislative powers. What, indeed, is its limitation? If the Secretary of the Interior may add by regulation one condition, may he not add another? If he may require a witness or witnesses in addition to what § 2291 requires, why not other conditions, and the disposition of the public lands thus be taken from the legislative branch of the Government and given to the discretion of the Land Department? It is not an adequate answer to say that the regulation must be reasonable. The power to make it is expressed in general terms. If given at all it is as broad as its subject and may vary with the occupant of the office. This is to make conditions of title, not to regulate those constituted by the statute.

In *United States* v. *United Verde Copper Co., supra,* this court considered the power of the Secretary of the Interior under an act of Congress giving the right to cut timber from the public lands for certain purposes, which were enumerated "or domestic purposes," and making the right subject to such rules and regulations as the Secretary of the Interior might prescribe "for the protection of the timber and of the undergrowth growing on such lands, and *for other purposes.*" (Italics ours.) The Secretary made a regulation which provided, among other things, that no

timber should be "permitted to be used for smelting purposes, smelting being a separate and distinct industry from that of mining." The justification urged for the regulation was that the word "domestic" meant household. This court rejected the contention and decided that the regulation transcended the power of the Secretary. We said, "If Rule 7 (the regulation involved) is valid, the Secretary of the Interior has power to abridge or enlarge the statute at will. If he can define one term, he can another. If he can abridge, he can enlarge. Such power is not regulation; it is legislation."

In that case the power of the Secretary of the Interior was directly associated with the right conferred. Yet it was held that such power could not qualify or limit the right. In other words, a distinction between the legislative and administrative function was recognized and enforced. And, similarly, this distinction must be recognized and enforced in the case at bar. The distinction is fundamental. Where the charge is of crime, it must have clear legislative basis. In illustration we may cite *Williamson* v. *United States*, 207 U. S. 425; *United States* v. *Keitel*, 211 U. S. 370; *United States* v. *Eaton*, 144 U. S. 677; *Morrill* v. *Jones*, 106 U. S. 466; *United States* v. *Biggs*, 211 U. S. 507; *Dwyer* v. *United States*, 170 Fed. Rep. 160.

*Judgment affirmed.*