FREDERICK B. MERKLE and Another, as Copartners Doing Business under the Name and Style of MERKLE & MERKLE, Appellants, v. OTTO PASCHKES, Respondent.

Supreme Court, Appellate Term, Second Department, July 27, 1922.

Constitutional law — rule of commissioner-general of immigration limiting compensation of agents or attorneys appearing for United States or aliens constitutes legislation and is invalid — legislative body may not delegate its powers.

A rule adopted by the commissioner-general of immigration limiting the compensation of agents or attorneys appearing in behalf of the United States or aliens applying for admission is not authorized by any provision of the Immigration Law and constitutes legislation and is, therefore, invalid, since a legislative body may not delegate its powers.

APPEAL by the plaintiffs from a judgment rendered in the Municipal Court of the city of New York, borough of Brooklyn, sixth district.

*Ralph Stout*, for the appellants.

*Jacob Aronson*, for the respondent.

*Per Curiam.* Judgment reversed, with thirty dollars costs to the appellants, and judgment directed for the appellants for the amount demanded, with appropriate costs in the court below.

A legislative body may not delegate its powers. It may, however, properly authorize an executive officer to adopt reasonable rules to carry out legislation which has been enacted. *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *U. S.* v. *George*, 228 U. S. 14; *Low Wah Suey* v. *Backus*, 225 U. S. 460.

In the instant case, in the Immigration Law of 1917 (39 U. S. Stat. at Large, 892, § 23) congress enacted that the commissioner general of immigration " shall establish such rules and regulations * * * and shall issue from time to time such instructions, not inconsistent with law, as he shall deem best calculated for carrying out the provisions of this act and for protecting the United States and aliens migrating thereto from fraud and loss."

Claiming to act under this authority, the commissioner adopted, among others, the following rule (rule 31, subd. 3): " No attorney or agent or other person shall, in any case, demand or receive compensation of any character exceeding twenty-five dollars for appearing in behalf of the United States or an alien or aliens constituting one family applying for admission, unless authorized so to do by the department or officer in charge of the immigration station."

We find no authority in the act of congress authorizing the commissioner to impose such a restriction or limitation upon the right of immigrants and attorneys. In adopting this regulation, we think the commissioner exceeded his powers. This rule was, in effect, legislation, and hence is invalid. *United States* v. *Matthews*, 146 Fed. Rep. 306; *Morrill* v. *Jones*, 106 U. S. 466; *Greenport Basin & Construction Co.* v. *U. S.*, 269 Fed. Rep. 58–60; *Bruce* v. *U. S.*, 202 id. 98; *Matter of Kornmehl*, 87 id. 314; *U. S.* v. *11,150 Pounds of Butter*, 195 id. 657, 663. If the action of the commissioner was merely of a regulatory character, it would be upheld. *Healy* v. *Backus*, 221 Fed. Rep. 358; *Dastervignes* v. *U. S.*, 122 id. 30.

All concur; present, Cropsey, Lazansky and Faber, JJ.

Judgment reversed and judgment directed for the plaintiffs.