**DORAN, Com'r of Prohibition, et al. v. COLONIAL DRUG & SALES CO.**

No. 560.

Circuit Court of Appeals, Tenth Circuit.
March 31, 1932.
Rehearing Denied May 16, 1932.

COTTERAL, Circuit Judge, dissenting.

Ralph L. Carr, U. S. Atty., and Charles E. Works, Asst. U. S. Atty., both of Denver, Colo. (Louise Foster, Sp. Asst. to Atty. Gen., on the brief), for appellants.

Robert D. Charlton, of Denver, Colo., for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge.

This action was instituted by the Colonial Drug & Sales Company against the Commissioner of Prohibition for the purpose of reviewing the action of the Prohibition Commissioner in refusing the complainant a permit to operate a bonded warehouse for the storage and distribution of alcohol to be used exclusively for other than beverage purposes.

The action was instituted pursuant to section 6, title 2 of the National Prohibition Act (27 USCA § 16), which provides: "* * * In the event of the refusal by the commissioner of any application for a permit, the applicant may have a review of his deci-

sion before a court of equity in the manner provided in section 5 hereof. * * * "

Section 5, referred to (27 USCA § 14), provides: " * * * The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant. * * * "

The Colonial Drug & Sales Company filed an application requesting a permit to operate a bonded warehouse for the receipt and distribution of alcohol under the name and style of Colonial Warehouse, in accordance with the provisions of title 3 of the National Prohibition Act (27 USCA § 71 et seq.) and regulations promulgated thereunder. This application was denied by the Prohibition Commissioner on the ground that the applicant was not a manufacturer or the proprietor of an industrial alcohol plant. No hearing was held by the commissioner, but repeated requests were made for the granting of the permit but the same was denied upon the same ground each time. The application of complainant was approved by the Prohibition Administrator for the prohibition district in which complainant resides, who certified as to its genuineness and as to the qualifications and fitness of the applicant. The Prohibition Commissioner has never controverted the qualifications or fitness of the applicant to conduct such a warehouse, but failed to approve the application, resulting in the filing of the bill for review to which answers were filed by the Prohibition Commissioner and Deputy Administrator.

Upon the trial of the case the court below permitted the applicant to prove its qualifications and fitness and that the complainant and its managing officer had operated a bonded warehouse for the distribution of alcohol for eight years prior to the filing of the application involved in this action; that it operated the warehouse in conjunction with a manufacturer of near beer, and during that time supplied about 80 per cent. of the hospitals and about five hundred doctors in Colorado; and that during the time neither the applicant nor its managing officer ever attempted to divert any alcohol for beverage or other illegal purposes.

Upon the conclusion of the evidence the trial court entered a decree directing the issuance of the permit to the applicant to operate a bonded warehouse on or before July 16, 1931. A reversal of this decree is the object of this appeal.

Appellant insists that the case was moot when the bill for review was filed in the District Court; that the trial court committed error in conducting a trial de novo; and that the National Prohibition Act and the regulations promulgated thereunder by the Prohibition Commissioner limit the granting of a permit for the operation of a bonded warehouse to manufacturers of alcohol or proprietors of industrial alcohol plants.

Appellant contends that a permit for the operation of a bonded warehouse under the Prohibition Act expires annually; that the application was for a permit for the calendar year 1930, but that the bill for review was not filed until February, 1931, which was after the end of the period for which the permit was sought, to wit, 1930. The contention made is that the application for a permit, and the permit into which it is to ripen, have both expired and a review thereof is useless, having become moot. We cannot agree with the contention of appellant.

To adopt this contention would be to effectively deprive the applicant of all the rights conferred by section 6, title 2 of the National Prohibition Act, as sufficient delays could be invoked by the Prohibition Commissioner, to say nothing of the required time for the joining of issues and the trial of cases in court, to permit the running of a year, and thus cut off all further proceedings. It may as well be asserted that the appeal under consideration is moot, as the year for which the permit was caused to be issued by the decree of the court below has likewise expired. The annual expiration of such permits is fixed by regulations established by the commissioner for the operation and establishment of bonded warehouses. Chapter 3, title 27, USCA, does not limit the duration of such permits. It is not necessary to determine whether the regulation of the commissioner in limiting the term of the permit for the operation of bonded warehouses to one year is a valid regulation. The limitation as to the time the permit may continue in force cannot begin to run until the permit is issued. We can see no merit in the contention that the question is moot.

The second proposition urged by appellant, to wit, that the trial court erred in granting a trial de novo, has been answered by the United States Supreme Court in Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 545, 70 L. Ed. 1046. We quote from the cited case as follows: "On the other hand, it is clear that Congress in providing that an adverse decision of the Commissioner

might be reviewed in a court of equity, did not undertake to vest in the court the administrative function of determining whether or not the permit should be granted; but that this provision is to be construed, in the light of the well-established rule in analogous cases, as merely giving the court authority to determine whether, upon the facts and law, the action of the Commissioner is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious. See Silberschein v. United States, 266 U. S. 221, 225, 69 L. Ed. 256, 258, 45 S. Ct. 69, and cases cited."

In the instant case the refusal of the permit by the Prohibition Commissioner involves a question of law. No facts were determined by the commissioner and none were properly before the trial court, but the consideration of facts by the trial court should not militate against a correct determination of the legal questions involved.

The Prohibition Commissioner took the position that the Prohibition Act does not authorize the issuance of permits for the establishment and operation of a bonded warehouse except to a manufacturer of alcohol or a proprietor of an industrial alcohol plant. Certain regulations have been promulgated by the commissioner, which limit the issuance of permits in such cases. The trial court had for consideration the questions of law as to whether the Prohibition Act limited the issuance of permits as determined by the commissioner, and whether the regulations of the commissioner limiting the permits were proper and binding. These questions were determined by the court below, resulting in the entering of the decree requiring the issuance of the permit, and the consideration of other matters in addition to the legal questions is unimportant. We shall next consider the legal questions involved.

Chapter 3, title 27, USCA, § 73, makes provision for the establishment of warehouses for the storage and distribution of alcohol. It is as follows: "§ 73. *Establishment of Warehouses.* Warehouses for the storage and distribution of alcohol to be used exclusively for other than beverage purposes may be established upon filing of application and bond, and issuance of permit at such places, either in connection with the manufacturing plant or elsewhere, as the commissioner may determine; and the entry and storage of alcohol therein, and the withdrawals of alcohol therefrom shall be made in such containers and by such means as the commissioner by regulation may prescribe."

Section 72 of the same chapter relates to the establishment of plants.

The National Prohibition Act plainly provides for the establishment of warehouses for the storage and distribution of alcohol. Such storage and distribution is limited to uses for other than beverage purposes. It is further provided that, upon the filing of an application and bond, a permit for the establishment of such warehouses may be issued at places, either in connection with the manufacturing plant or elsewhere as the commissioner may determine. Provision is then made for the promulgation of regulations concerning entry, storage, and withdrawals of alcohol therefrom. The commissioner insists that the above provision restricts the establishment of warehouses to those operating manufacturing plants by reason of the reference thereto in the above section. Appellant contends that the above provision permits the establishment of warehouses at the site of a manufacturing plant, or at some place removed therefrom, but limits the right to issue a permit for the establishment of a warehouse to the owners of manufacturing plants.

We cannot agree with the construction placed upon the act by the Prohibition Commissioner. We are of the opinion that no restriction is contained in the above provision limiting the establishment of warehouses to manufacturers or the proprietors of manufacturing plants. The act provides clearly for the establishment of bonded warehouses in connection with manufacturing plants or elsewhere, and in our opinion there is no restriction in the act limiting the right to establish bonded warehouses to manufacturers or proprietors of manufacturing plants.

The next question presented for determination is whether the regulation or restriction made by the commissioner, limiting the granting of permits for the establishment and operation of warehouses for the storage and distribution of alcohol shall be limited to manufacturers or proprietors of manufacturing plants, is valid. Certainly, the regulation of the commissioner cannot extend or broaden the statute; neither may it modify its provisions. Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063. The regulation made, limiting the issuance of permits to manufacturers or proprietors of manufacturing plants, modifies and changes the provisions of the Prohibition Act. We do not believe that the Prohibition Commissioner was authorized in promulgating such regulation, as it does not aid in the enforcement of the prohibition statute and

does not prevent the use of intoxicating liquors as a beverage, which was the object and purpose of the act. The regulation clearly restricts operation of the statute and in our opinion is illegal, as the Prohibition Commissioner was without power to modify or change the Prohibition Act by regulations or otherwise. Any rule or regulation of the Commissioner of Prohibition purporting to be made under authority of the National Prohibition Act restricting the issuance of permits to manufacturers or proprietors of industrial alcohol plants to operate bonded warehouses for the storage and distribution of alcohol to be used exclusively for other than beverage purposes violates the provisions of title 3, § 3, National Prohibition Act (title 27, USCA § 73), and is a nullity. No rule or regulation may be adopted and enforced which conflicts with an act of Congress in force. Such rule or regulation cannot amend, enlarge, or abridge the operation of the act. United States v. Antikamnia Chemical Co., 231 U. S. 654, 34 S. Ct. 222, 58 L. Ed. 419; United States v. George, 228 U. S. 14, 33 S. Ct. 412, 57 L. Ed. 712; Oertel Co. v. Gregory, District Attorney et al. (D. C.) 270 F. 789.

Title 2 of the National Prohibition Act (section 3 [27 USCA § 12]) provides for the liberal construction of the statute to the end that the use of intoxicating liquors as a beverage may be prevented. The construction we have placed upon the provisions of the act involved herein are in harmony with title 2. The granting of permits for the establishment and operation of warehouses for the storage and distribution of alcohol does not in any manner weaken the power of the Prohibition Commissioner to enforce the act. It is within the power of the commissioner to revoke permits for the operation of warehouses, as well as for the manufacture of alcohol, etc., whenever the Prohibition Act is violated, or when alcohol or intoxicating liquors are diverted to unlawful purposes.

Appellant contends that under the Constitution and laws of Colorado it is unlawful to import into the state any intoxicating liquors for sale or gift, and the granting of a permit to the applicant herein would not avail it anything, as it would be impossible for it to obtain alcohol for distribution to be used exclusively for other than beverage purposes. See article 22, § 1, Constitution of Colorado.

According to the provisions of the Constitution of Colorado, supra, it is unlawful for any person, association, or corporation to manufacture for sale or gift any intoxicating liquors, or to import such intoxicants into the state, but it is provided "the handling of intoxicating liquors for medicinal or sacramental purposes may be provided for by statute."

Section 3715, Colorado Compiled Laws 1921, provides for the distribution of intoxicating liquors under a permit issued by the Secretary of State with the approval of the Governor to "any person, association or corporation engaged in the drug business at wholesale." Hence there is constitutional and statutory authority under the laws of Colorado for the distribution of medicinal alcohol. The complainant herein is a corporation organized under the laws of Colorado "to buy, sell, deal in, manufacture and job in all drugs, chemicals, drug sundries, pharmaceutical preparations."

It was held in the case of Colonial Drug & Sales Co. v. Western Products Co. (C. C. A.) 54 F.(2d) 216, 219: "The Eighteenth Amendment, the National Prohibition Act and the regulations promulgated thereunder grant no federal right to manufacture and sell alcohol within a state. They merely provide under what circumstances it shall be and under what circumstances it shall not be unlawful to manufacture and sell alcohol as far as federal law is concerned. They do not modify more stringent state prohibition laws." Therefore the granting of the permit to the complainant would in no way be authority to it to violate the state law. A violation of the state law would be a matter of state concern, and upon proper complaint of such violation the Commissioner of Prohibition would revoke such permit.

We conclude that the Commissioner of Prohibition in denying the permit to the applicant committed error of law in the construction that he placed upon the applicable provisions of the National Prohibition Act, and that the decree of the trial court should be affirmed.

It is so ordered.

COTTERAL, Circuit Judge, dissents.

### On Rehearing.
KENNAMER, District Judge.

The petition for rehearing does not present any new questions. Additional facts are submitted upon which an argument is predicated, which were not presented to nor considered by the trial court. It is stated that gaugers and inspectors are kept at places of manufacture under the internal

revenue practice resulting in greater efficiency of governmental inspection and collection of taxes where bonded warehouses are located only in connection with such manufacturing plant, and that persons operating manufacturing plants are likely to be more responsible persons by reason of their large investment than those maintaining bonded warehouses apart from manufacturing plants. These facts are not found in the record of the evidence.

The statement was made in the argument to the court that the application for the permit was not denied for the reason the applicant was an unfit person to operate a bonded warehouse. The refusal to grant the permit was not upon the ground of difficulty of supervision and the impairment of the efficiency of governmental inspection and collection of taxes. The record in the case disclosed that the applicant had been engaged in distributing alcohol for other than beverage purposes, and that it never diverted any alcohol or otherwise violated any of the provisions of the National Prohibition Act. The denial of the permit was upon the ground that under the provisions of the National Prohibition Act and the regulations the establishment of warehouses was restricted to a manufacturer or the proprietor of such plant. Counsel for the appellants in their brief state: "Thus narrowed, the real question is whether none but a manufacturer of alcohol or a proprietor of an industrial alcohol plant may operate a bonded warehouse for alcohol."

It appears now the appellants in the petition for rehearing have abandoned the contention that under section 3 of title 3 of the National Prohibition Act (27 USCA § 73) the granting of a permit was restricted to a manufacturer of alcohol or the proprietor of an industrial plant; but insist the validity of article 36 of the regulations of 1927 so restricting the granting of permits was within the power of the Prohibition Commissioner to provide such regulations and are valid. This contention was thoroughly considered in the opinion of the court filed herein, and decided adversely to the contention of the appellants. Section 3 of title 3 of the National Prohibition Act plainly provides that upon filing application and bond the issuance of the permit may be in connection with a manufacturing plant or elsewhere, as the commissioner may determine and does not restrict the granting of a permit only to manufacturing plants. While it authorizes the commissioner to de-termine such other places where such bonded warehouses may be located, it would be an arbitrary exercise of the power granted to simply determine that such bonded warehouses may be only located at such places as would restrict the granting of a permit only to a manufacturer. It must be assumed that it was intended in the authorization of the distribution of alcohol for other than beverage purposes, that is for legitimate and useful purposes, that it was intended such warehouse should be conveniently located in order to properly serve the purposes for which the use of such alcohol was authorized. Being within the power of the commissioner to determine the location of such bonded warehouse, it will be assumed that such power must be exercised in a reasonable manner to effectuate the authorized withdrawal and use of alcohol from such bonded warehouse for other than beverage purposes, and that such power may not be exercised in such an arbitrary manner as to militate against a prudent distribution of alcohol for such lawful purposes. Although the Prohibition Act grants to the commissioner authority to determine where bonded warehouses may be located, it also contemplated the possibility of the commissioner committing error, both in law and fact, or arbitrarily exercising such power, and granted the applicant for a permit a review on the decision of the commissioner before a court of equity, and as determined in the opinion filed herein the commissioner committed error of law in denying the permit in this case.

Petition for rehearing should be denied. It is so ordered.

COTTERAL, Circuit Judge, contra.