### DI SANTO v. UNITED STATES.

No. 7642.

Circuit Court of Appeals, Sixth Circuit.

Dec. 7, 1937.

Kent H. Meyers, of Cleveland, Ohio (Stephen M. Young, of Cleveland, Ohio, on the brief), for appellant.

Jerome N. Curtis, of Cleveland, Ohio (E. B. Freed, of Cleveland, Ohio, on the brief), for the United States.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Appellant was tried, convicted, and sentenced upon three counts of an indictment, each charging him with a willful failure to make a report to the Commissioner of Internal Revenue of "brown sugar" alleged to have been sold by him. The statute, 26 U.S.C.A. § 1162a provides that "every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as the Commissioner, with the approval of the Secretary of the Treasury, may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid." It further provides that "any person who willfully violates any provision hereof or of any such rules or regulations * * * shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both."

Under authority of the act the Commissioner, with the approval of the Secretary of the Treasury, promulgated Regulations No. 17 (amended), which by its article II prescribed in much detail the forms to be used in making the returns.

Brown sugar is used in the manufacture of distilled spirits and is one of the substances defined in paragraph (c) of article I of the Regulations.

Appellant was a wholesale and retail grocer. On June 15, 1936, he was served with a written notice signed by the Commissioner by which he was required to report to the Commissioner all sales of brown sugar. He was then given a copy of Treasury Regulations No. 17, as amended, and a supply of forms upon which daily

950

reports were to be made, in accordance with article II thereof. The evidence shows that he purchased 20,000 pounds of brown sugar between June 15 and June 25, 1936, the period set forth in the first count of the indictment; 15,900 pounds between June 26 and July 6, 1936, the period set forth in the second count; and 44,100 pounds between July 7 and August 13, 1936, the period set forth in the third count, or a total of 80,000 pounds. On June 15th he had on hand 44,000 pounds, and on August 13th he still had on hand 27,000 pounds. He had disposed therefore of 97,000 pounds of sugar between June 15 and August 13, 1936, but reported only 7,185 pounds for the entire period.

We think this glaring discrepancy was amply sufficient to support the finding of the jury that appellant's failure to make the reports required was intentional and therefore willful.

■ It is urged that the act is unconstitutional in that it delegates to the Commissioner the power through the regulations he promulgates to fix the conditions upon which appellant is made guilty of a crime.

It is true, of course, that Congress may not delegate its "essential legislative functions" (Panama Ref. Co. v. Ryan, 293 U.S. 388, 421, 55 S.Ct. 241, 248, 79 L.Ed. 446) but we do not think that it did so here.

The act is not generic. The government has for many years under appropriate legislation assessed taxes upon every manufacturer of distilled spirits. The power *"to make all Laws which shall be necessary and proper"* for the collection of such taxes is specifically granted. Constitution, art. 1, § 8. (Italics ours.) The authority vested in the Commissioner to make rules and regulations was for the definite purpose of enabling him to determine whether all taxes upon distilled spirits had been paid; and was meant to aid him in the execution of a law which had been long upon the statute books. It was administrative, not primarily legislative, in character. Congress did not here delegate legislative power in an unlimited sense. See Field v. Clark, 143 U.S. 649, 692, 12 S.Ct. 495, 36 L.Ed. 294; U.S. v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; Kansas City Sou. Ry. Co. v. U. S., 8 Cir., 293 F. 8, 11. The necessity and propriety of empowering the Commissioner to require one dealer to make returns without requiring the same duty of all was a matter for Congress to determine. Everard's Breweries v. Day, 265 U.S. 545, 559, 44 S.Ct. 628, 631, 68 L.Ed. 1174. There was a substantial basis for it. To require a report of small sales obviously intended for domestic consumption would be cumbersome and of little avail, while frequent sales to a single purchaser in abnormal amounts, apparently for use in some manufacturing enterprise, might be fairly questionable. See U. S. v. Shreveport Grain & El. Co., 287 U.S. 77, 85, 53 S.Ct. 42, 44, 77 L.Ed. 175. The regulations did not disturb any property right of appellant, and the provision in the act that their violation subjected him to fine and imprisonment did not affect its constitutionality. U. S. v. Grimaud, supra, 220 U.S. 506, at page 517, 31 S.Ct. 480, 55 L.Ed. 563. Our conclusion is in accord with U. S. v. Goldsmith et al., 2 Cir., 91 F.2d 983; Dano v. U. S., 3 Cir., 91 F.2d 1012, and U. S. v. Turner Bros., 11 F.Supp. 908, D.C.

The judgment of the District Court is affirmed.