See 60 S.Ct. 609, 84 L.Ed. ——.

## UNITED STATES v. FISH.
### No. 7077.

Circuit Court of Appeals, Third Circuit.
Jan. 5, 1940.

Frederic M. P. Pearse and Max Mehler, both of Newark, N. J., for appellant.

John J. Quinn, U. S. Atty., and William F. Smith, Asst. U. S. Atty., both of Trenton, N. J., for appellee.

Before MARIS, BIDDLE, and JONES, Circuit Judges.

MARIS, Circuit Judge.

By Joint Resolution of Congress approved June 18, 1934, 48 Stat. 1020, 26 U.S.C. § 1162a, 26 U.S.C.A. Internal Revenue Code § 2811 it was provided: "That every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as the Commissioner, with the approval of the Secretary of the Treasury, may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufac- tured from such substances have been paid. Any person who willfully violates any provision hereof or of any such rules or regulations and any officer, director or agent of any such person who knowingly participates in such violation, shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both. * * *"

Regulations 17 (amended), promulgated thereunder by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, provide in part:

"Article I—Definitions

\* \* \* \* \* \*

"(c) 'Substance' shall mean cane molasses of the grade commonly known as blackstrap molasses; dehydrated molasses; corn sugar, beet sugar, and cane sugar; hydrol; sugar syrup, i. e. any known corn derivative containing more than 60% reducing sugar calculated as dextrose on a dry basis; yeast; cider; malt; oak chips, charred and not charred.

\* \* \* \* \* \*

"Article II—Returns

"Every person in the United States who consigns, sells or otherwise disposes of any substance, as defined in paragraph (c) of Article I of these regulations, shall, when required in writing by the Commissioner for the purpose of determining whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid, render in writing a correct return under oath showing (1) the date of the consignment, sale, or other disposition of the substance; (2) the quantity and kind of the substance consigned, sold, or otherwise disposed of; (3) the name and complete address of the purchaser, or person to whom disposition is made, and if the sale or disposition is made by or through any other person, the name and complete address of such other person; (4) the name and complete address of the consignee; (5) the date and method of shipment or delivery, such as by truck, or other conveyance, and the state or city registration number of such truck, or other conveyance, if any; (6) the name and complete address of the driver of such truck, or other conveyance, as shown by the driver's operator's license, if any, giving the number of the license and the date of issuance; (7) the name and complete address of the person to whom actual delivery has been, or is to be, made; and (8)

the exact date of such delivery, or proposed delivery. Where shipment is made by a common carrier, such as a railroad, trucking company, steamboat line, etc., the information required by subdivisions (5) and (6) of this Article need not be reported, but in lieu thereof there shall be furnished the complete routing of the shipment.

"Returns shall be filed with the Commissioner, or with an officer or employee of the Bureau of Internal Revenue designated by the Commissioner to receive the returns for him, not later than ten days after the receipt of the notice requiring the same to be filed, unless the Commissioner shall specify a shorter period of time within which the return is to be made.

"Article III—Records

"Every person in the United States who consigns, sells, or otherwise disposes of any substance, as defined in paragraph (c) of Article I of these regulations, shall keep at his place of business such books, records, documents, papers, invoices, bills of lading, etc., relating to or connected with any such consignment, sale, or other disposition, as will enable such person to make the return provided for by Article II of these regulations: Provided, That, unless the Commissioner shall, in writing, notify any such person so to do, he shall not be required to keep such books, records, documents, papers, invoices, bills of lading, etc., when the consignment, sale, or other disposition of any such substances at the same time, does not exceed the following: (a) 300 pounds of cane, corn, or beet sugar; (b) 250 gallons of blackstrap molasses, or (c) 5 pounds of yeast when packaged or cartoned in quarter pound, half pound, or larger packages; (d) 100 gallons cider; (e) 250 pounds malt; (f) 300 pounds of dehydrated molasses; (g) 250 gallons of hydrol or sugar syrup. When any person has made a return pursuant to the procedure provided for in Article II of these regulations, such books, records, documents, papers, invoices, bills of lading, etc., shall be kept readily available for, and open to, inspection by any officer or employee of the Alcohol Tax Unit of the Bureau of Internal Revenue during the hours of business of such person."

The defendant, a wholesale dealer in groceries, was charged in an indictment containing two counts with violation of the above quoted Joint Resolution and Regulations. The first count was predicated upon Article II of the Regulations and charged that the defendant having been served with written notice by the Commissioner did wilfully fail and neglect to render to the Commissioner of Internal Revenue a return reflecting the disposition of yeast. The second count was predicated upon Article III of the Regulations and charged that the defendant did wilfully fail to keep at his place of business books, records and documents relating to and connected with the disposition of such yeast. The defendant was convicted upon both counts. The court sentenced him to pay a fine of $500 upon each count and serve a term of imprisonment of one year upon each count, the terms of imprisonment to run concurrently.

Before the jury was sworn the defendant moved to quash the second count of the indictment for failure to charge an offense against the United States on the ground that the article of the Regulations requiring the keeping of books and records was not within the scope of the authority to prescribe regulations conferred by the Joint Resolution upon the Commissioner. The court denied the motion. The defendant does not question the power of Congress to delegate to a selected instrumentality the making of rules for the enforcement of the express legislative intent nor the constitutionality of the Joint Resolution herein involved.[1] His contention is limited to the question whether Congress had expressed in the Joint Resolution the intent to make the failure to keep books and records a crime.

In United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127, the Supreme Court reiterated the rule of construction that "Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to extend to cases not covered by the words used."

In United States v. Eaton, 144 U.S. 677, 12 S.Ct. 764, 36 L.Ed. 591, the court held

---

[1] As to these questions see United States v. Goldsmith, 2 Cir., 91 F.2d 983, certiorari denied 302 U.S. 718, 58 S.Ct. 38, 82 L.Ed. 555; United States v. Dano, D.C., 20 F.Supp. 458, affirmed 3 Cir., 91 F.2d 1012; Di Santo v. United States, 6 Cir., 93 F.2d 948, certiorari denied 303 U.S. 662, 58 S.Ct. 829, 82 L. Ed. 1121; United States v. Tishman, 7 Cir., 99 F.2d 951, certiorari denied 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1038.

that a statute which imposed the duty upon manufacturers of oleomargarine to keep books and make monthly returns did not sustain a regulation which imposed the same duty upon wholesale dealers. The court said (144 U.S. page 688, 12 S.Ct. page 767, 36 L.Ed. 591): "It is necessary that a sufficient statutory authority should exist for declaring any act or omission a criminal offense; and we do not think that the statutory authority in the present case is sufficient. If congress intended to make it an offense for wholesale dealers in oleomargarine to omit to keep books and render returns as required by regulations to be made by the commissioner of internal revenue, it would have done so distinctly, in connection with an enactment such as that above recited, made in section 41 of the act of October 1, 1890."

In United States v. George, 228 U.S. 14, 33 S.Ct. 412, 57 L.Ed. 712 the defendant was charged with committing perjury in connection with a homestead claim. The statute provided that one was entitled to a patent if he proved by two credible witnesses that he had resided upon the land for five years and made affidavit that no part of such land had been alienated. A regulation was promulgated which added the requirement that the claimant take an affidavit with respect to residence. The court held that the regulation was not justified by the statute and said (228 U.S. page 21, 33 S.Ct. page 414, 57 L.Ed. 712): "To so construe the latter section is to make it confer unbounded legislative powers. What, indeed, is its limitation? If the Secretary of the Interior may add by regulation one condition, may he not add another? If he may require a witness or witnesses in addition to what § 2291 requires, why not other conditions, and the disposition of the public lands thus be taken from the legislative branch of the government and given to the discretion of the Land Department? It is not an adequate answer to say that the regulation must be reasonable. The power to make it is expressed in general terms. If given at all it is as broad as its subject, and may vary with the occupant of the office. This is to make conditions of title, not to regulate those constituted by the statute."

In the case before us the Government urges that power to require the keeping of books and records may be implied from the statutory authority to prescribe by regulation "the manner" of rendering a "return." It is also suggested that the keeping of records is implied in the requirement of a "correct return." We do not think, however, that such implications are justified. An examination of other provisions of the internal revenue laws discloses that when Congress thought it necessary to do so it referred to the keeping of books and records in express terms.[2]

2 Compare the following provisions of the internal revenue laws as found in the Internal Revenue Code.

Ch. 9—Employment Taxes—
Sec. 1604(a). Returns.

Ch. 10—Admissions and Dues—
Sec. 1716. Returns.
Sec. 1720. Records, Statements, and Returns.

Ch. 11—Documents, Other Instruments, and Playing Cards—
Sec. 1835. Records, Statements and Returns.

Ch. 12—Safe Deposit Boxes—
Sec. 1852. Returns.

Ch. 13—Circulation Other Than of National Banks—
Sec. 1902. Returns.

Ch. 14—Cotton Futures—
Sec. 1928(b). Records and Returns.

Ch. 15—Tobacco, Snuff, Cigars and Cigarettes—

Tobacco and Snuff Manufacturers.
Sec. 2017. Inventory.
Sec. 2018. Books.
Sec. 2019. Monthly Abstracts.

Cigar and Cigarette Manufacturers.
Sec. 2036. Inventory.
Sec. 2037. Books.
Sec. 2038. Monthly Abstracts.
Cigarette Manufacturers Purchasing Cigarette Tubes.
Sec. 2039(b). Records and Returns.
Dealers in Leaf Tobacco.
Sec. 2055. Inventory.
Sec. 2056. Records and Invoices.
Sec. 2057. Monthly Reports.
Persons Liable to Tax or for Collection of Tax.
Sec. 2194. Records, Statements, and Returns.
Ch. 16—Oleomargarine, Adulterated Butter; and Process or Renovated Butter—
Manufacturer of Oleomargarine.
Sec. 2302(c). Books and Returns.
Wholesale dealers in Oleomargarine.
Sec. 2303(c). Books and Returns.
Manufacturers of Process or Renovated Butter or adulterated butter.
Sec. 2322(c). Books and Returns.
Wholesale Dealers in Adulterated and Process or Renovated Butter.
Sec. 2324. Books and Returns.

Had Congress intended to require that persons who dispose of substances used in the manufacture of distilled spirits keep books and records as well as make returns it could have said so as it did in other provisions of the internal revenue laws regulating the duties of rectifiers, distillers and persons liable to tax. For example, in Sec. 1305 of the Revenue Act of 1918, 26 U.S.C. § 1345, which act in Title VI imposed taxes upon distilled spirits, wines and other beverages, Congress provided that: "every person liable to any tax imposed by this Act, or for the collection thereof, *shall keep such records* and render, under oath, such statements and returns, and shall comply with such regulations as the Commissioner, with the approval of the Secretary, may from time to time prescribe." (Italics ours).

We conclude that Article III of Regulations 17 (amended) upon which count 2 was based, is not within the authority conferred upon the Commissioner by the Joint Resolution and is, therefore, invalid. It follows that the court erred in refusing to quash count 2 of the indictment. Insofar as our decision in Dano v. United States, 3 Cir., 91 F.2d 1012, is inconsistent with this conclusion we overrule it, although it is fair to point out that the present question was not raised in that case. At first blush it might appear that the cases of United States v. Goldsmith, 2 Cir., 91 F.2d 983; DiSanto v. United States, 6 Cir., 93 F.2d 948, and United States v. Tishman, 7 Cir., 99 F.2d 951, are contrary to this conclusion. None of those cases, however, involved a count under Article III for failure to keep books and records. The indictment in the Goldsmith case was for conspiracy and in the DiSanto and Tishman cases for failure to make returns. It will thus be seen that the validity of Article III was not actually involved nor decided.

The defendant also urges that the court erred in its charge to the jury by not charging that the failure to render the reports must be wilful, and that the verdict was against the weight of the evidence. There is no merit in the first contention. The defendant, although he submitted 18 requests for charge, did not think the point sufficiently important to call it to the attention of the trial judge. We see

Ch. 17—Filled Cheese—
Manufacturers.
Sec. 2352(c). Books and Returns.
Ch. 21. Coconut and Other Vegetable Oils—
Processors.
Sec. 2471. Returns.
Ch. 23—Narcotics—
Opium and Coca Leaves.
Persons Liable to Tax.
Sec. 2555(a). Records, Statements and Returns.
Importers, Manufacturers and Wholesale Dealers—
Sec. 2555(b). Books and Monthly Returns.
Registrants.
Sec. 2555(c). Returns.
Opium for smoking.
Manufacturers.
Sec. 2569(d)(1). Notices and Inventories.
Sec. 2569(d)(2). Books and Returns.
Marihuana
Persons Liable for Tax—
Sec. 2594. Books, Records, Statements, Returns.
Ch. 24—White Phosphorus Matches—
Manufacturer.
Sec. 2653(b). Books and Returns.
Ch. 25—Firearms—
Pistols and Revolvers.
Sec. 2701. Returns.

Sec. 2709. Records, Statements and Returns.
Firearms other than Pistols and Revolvers.
Sec. 2724. Books, Records, and Returns.
Ch. 26—Liquor—
Persons Disposing of Materials Used in Manufacture of Distilled Spirits.
Sec. 2811 (26 U.S.C. § 1162a, 26 U.S.C.A. Internal Revenue Code, § 2811). Return.
Distillers.
Sec. 2841. Books.
Sec. 2844. Monthly Production Returns.
Rectifiers.
Sec. 2855. Monthly Returns.
Rectifiers and Wholesale Liquor Dealers.
Sec. 2857. Daily Records and Summaries.
Distillers.
Sec. 2859. Daily Records and Summaries.
Storekeeper-Gauger of Bonded Warehouse.
Sec. 2877. Records.
Persons Liable to Tax for Collection of Tax.
Sec. 3171 (26 U.S.C. § 1345, 26 U.S.C.A. Internal Revenue Code, § 3171). Records, Statements and Returns.

no prejudicial error in the charge. As to the second contention it is sufficient to point out that there was substantial evidence to support the verdict. It was the province of the jury to determine its weight. Upon appeal that question is concluded by the verdict.

The judgment of the district court is affirmed as to count 1 of the indictment and reversed as to count 2.