UNITED STATES of America,
Plaintiff-Appellee,

v.

Raymond H. COMER, Defendant-
Appellant.

No. 14332.

United States Court of Appeals
Sixth Circuit.

March 6, 1961.

N. Mitchell Meade, Asst. U. S. Atty., Lexington, Ky. (Jean L. Auxier, U. S. Atty., John W. Morgan, Asst. U. S. Atty., Lexington Ky., on the brief), for plaintiff-appellee.

Harry B. Miller, Lexington, Ky. (Miller, Griffin, Marks & Stephens, Lexington, Ky., on the brief), for defendant-appellant.

Before McALLISTER, Chief Judge, and MILLER, Circuit Judge, and THORNTON, District Judge.

PER CURIAM.

The appellant, Raymond H. Comer, was found guilty by a jury in the District Court of conspiring during April, May, and June 1959 with John J. Lang to wilfully attempt to evade and defeat the special tax of $50.00 per year imposed by Section 4411, Title 26, U.S.Code, to be paid by each person engaged in the business of receiving wagers, and of wilfully attempting to evade and defeat the 10% excise tax imposed by Section 4401, Title 26 U.S.Code, on wagers placed with him while engaged in such business during the period of April 4, 1959, through April 30, 1959.

Appellant owned a building in Lexington, Kentucky, in which he operated a restaurant and bar. He used a room on the second floor as his living quarters. On or about January 15, 1959, he rented another upstairs room to Lang who admittedly operated a handbook therein until raided by Internal Revenue Agents on May 14, 1959. It is conceded that the special tax of $50.00 per year had not been paid, and necessarily no stamp indicating payment was displayed. Both appellant and Lang testified that appellant had no proprietary interest in the bookmaking operation and that appellant was merely the landlord of Lang.

It is appellant's contention that the evidence was insufficient to take the case to the jury as against the appellant. In particular, he contends that the evidence failed to prove under the first count knowledge on the part of appellant that the $50.00 gambling tax had not been paid, which was necessary in order to sustain the charge of conspiring to evade the tax, and also failed to prove under the second count that the 10% excise tax had not been paid for the period specified in the indictment, namely, April 4, 1959, through April 30, 1959, although Lang admitted in his testimony that it had not been paid for the period of January 15, 1959, through March 31, 1959.

The evidence showed that it was necessary for appellant to go through the

betting room to reach his living quarters; that an Internal Revenue Agent secured admittance to the betting room on nine different occasions between April 4, 1959, through May 14, 1959, the day of the raid, and placed bets with Lang; that appellant was seen in the betting room on at least three of these occasions; that on one occasion he produced, at the request of Lang, some papers which were needed by Lang to determine whether the agent had made a winning or losing bet on a prior day; that most of the equipment in the gaming room, including the television set and the radio, was owned by appellant; that a Western Union clock, which is usually essential in the operation of such a business, was in the gaming room, listed as "Merry-Go-Round" at the time it was taken out, the rental for which was being paid by appellant; that appellant had a key to the cabinet under the counter over which Lang accepted bets and made payments; and that there was a metal box in appellant's living quarters at the time of the raid containing $1,180.00, while there was only $3.91 in the cash drawer underneath the gaming counter. There were other activities by appellant, which, though minor when considered alone, reasonably supported the inference of appellant's participation in the handbook operation.

The evidence against appellant was circumstantial, but circumstantial evidence, if strong enough to convince a jury of a defendant's guilt beyond a reasonable doubt, is sufficient to sustain a verdict. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150; Blalack v. United States, 6 Cir., 154 F.2d 591, 594, certiorari denied 329 U.S. 738, 67 S.Ct. 67, 91 L.Ed. 637, rehearing denied 329 U.S. 828, 67 S.Ct. 184, 91 L.Ed. 703; White v. United States, 4 Cir., 279 F.2d 740, 748.

We are of the opinion that the evidence in its entirety, with all the reasonable inferences permitted to be drawn therefrom by the jury, Henderson v. United States, 6 Cir., 218 F.2d 14, 19, 50 A.L.R.2d 754, certiorari denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253, rehearing denied 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290; United States v. Masiello, 2 Cir., 235 F.2d 279, 284–285, certiorari denied Stickel v. United States, 352 U.S. 882, 77 S.Ct. 100, 1 L.Ed.2d 79, was sufficient to take the case to the jury under both counts of the indictment and to sustain the verdicts thereunder.

The judgment is affirmed.