**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Verlin BAXTER, Defendant-Appellant.**

**No. 14385.**

United States Court of Appeals
Sixth Circuit.

May 4, 1961.

W. E. Badgett, Knoxville, Tenn., for appellant.

John H. Reddy, U. S. Atty., Knoxville, Tenn. (John C. Crawford, Jr., U. S. Atty., and John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before MILLER, Chief Judge, SIMONS, Senior Circuit Judge, and MARTIN, Circuit Judge.

PER CURIAM.

Appellant was found guilty by verdict of a jury of disposing of a substance of the character used in the manufacture of distilled spirits, namely, 300 pounds of sugar, and wilfully and unlawfully failing to render to the Assistant Regional Commissioner, Alcohol and Tobacco Tax Division, a correct return of such disposition, in violation of the provisions of Section 5213(a), Title 26 U.S.C. and the regulations prescribed thereunder by the Secretary of the Treasury or his delegate. He was sentenced to six months imprisonment.

The constitutionality of the regulation has been previously upheld by this Court. Di Santo v. United States, 6 Cir., 93 F.2d 948, certiorari denied, 303 U.S. 662, 58 S.Ct. 829, 82 L.Ed. 1121. See also: United States v. Tishman, 7 Cir., 99 F.2d 951, certiorari denied, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1038.

It is admitted by appellant that no report was made by him of the transaction relied upon by the Government, but it is contended that the Government's evidence failed to show that the bag which was loaded from appellant's storeroom into the trunk of an automobile, which constituted the transaction under consideration, contained sugar. There was no direct evidence that it contained sugar, or what it contained, but we are of the opinion that the circumstantial evidence introduced by the Government was sufficient to take the case to the jury and to support the verdict. Circumstantial evidence, if strong enough to convince a jury of defendant's guilt beyond a reasonable doubt, is sufficient to sustain a verdict. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L. Ed. 150; United States v. Comer, 6 Cir., 288 F.2d 174.

We find no prejudicial error in the admission of certain evidence, com-

plained of by appellant. Nor were the instructions, considered in their entirety, such as to improperly cause the jurors to return a verdict of guilty. Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528; Logsdon v. United States, 6 Cir., 253 F.2d 12, 15–16.

The judgment is affirmed.