JAMES EVERARD'S BREWERIES *v.* DAY, PRO-HIBITION DIRECTOR OF THE STATE OF NEW YORK, ET AL.

EDWARD AND JOHN BURKE, LIMITED, *v.* BLAIR, COMMISSIONER OF INTERNAL REVENUE, ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 200 and 245.    Argued March 4, 5, 1924.—Decided June 9, 1924.

1. Section 2 of the Supplemental Prohibition Act of November 23, 1921, in so far as it prevents physicians from prescribing intoxicating malt liquors for medicinal purposes, is constitutional. P. 557.

2. This provision does not violate the Tenth Amendment, since it is not an invasion of power reserved to the States.    P. 558.

3. It is supported both by the implied power of Congress to make laws necessary and proper for executing powers expressly granted

(Const., Art. I, § 8, cl. 18,) and by the clause of the Eighteenth Amendment specifically conferring power to enforce by " appropriate legislation " the prohibition of traffic in intoxicating liquors for beverage purposes. P. 558.

4. The Court cannot say, in face of the contrary affirmation by Congress, that prohibiting traffic in intoxicating malt liquors for medicinal purposes has no real or substantial relation to the enforcement of the Eighteenth Amendment. P. 560.

5. Nor can it be held that the act is an arbitrary and unreasonable prohibition of the use of valuable medicinal agents, in view of the determination of Congress, and the evidence supporting it, that intoxicating malt liquors possess no substantial and essential medicinal properties, which, as respects the public health, cannot be supplied by permitting physicians to prescribe spirituous and vinous intoxicating liquors in addition to non-intoxicating malt liquors. P. 561.

6. Dealers in beer, ale and stout, who were prevented by the act from disposing of stocks acquired before it was passed, were not thereby deprived of property without due process of law in violation of the Fifth Amendment. P. 563.

Affirmed.

APPEALS from decrees of the District Court which dismissed the bills, for want of equity, in two suits brought by manufacturers and dealers in intoxicating malt liquors, to enjoin the Commissioner of Internal Revenue, and other officials, from enforcing a Supplemental Prohibition Act.

*Mr. Samuel W. Moore,* with whom *Mr. Marcus L. Bell* was on the briefs, for appellant in No. 245.

I. The allegation that Guinness's Stout is a valuable medicinal agent, is to be taken as true, for the purposes of this appeal, notwithstanding the provisions of the Willis-Campbell Act, being admitted by the motion to dismiss.

How can Congress, acting under a constitutional grant of authority to prohibit the manufacture and sale of intoxicating liquor for beverage purposes, prohibit the sale of a recognized medicinal agent for medicinal pur-

poses?  The National Prohibition Act itself recognizes the value of malt as well as other liquor for medicinal purposes, and contains carefully drawn provisions which permit the use of intoxicants for medicinal purposes.

The sale and use of sacramental wines, the use of liquor in hospitals and sanitariums, and the use of industrial alcohol are also permitted.  A great number of regulations have been made by the Commissioner, with the approval of the Treasury Department, throwing safeguards and restrictions around the sale and prescription of intoxicating liquor for medicinal purposes.

The Eighteenth Amendment did not clothe Congress with the general power to invade the domain of medical authority, or to substitute its judgment for the judgment of the attending physician.  Much less may it select a recognized therapeutic agent, such as Guinness's Stout, and declare that it may not be prescribed for a patient, even though the attending physician regards it as essential or indispensable in bringing about a restoration to health.  If Congress can select one recognized medical agent, and lawfully prohibit its use, there is no limit to which it may not go.  *United States* v. *Freund,* 290 Fed. 411; *Lambert* v. *Yellowley,* 291 Fed. 640.

The determination of questions of fact is a judicial and not a legislative question.  *Block* v. *Hirsh,* 256 U. S. 135; *Shoemaker* v. *United States,* 147 U. S. 282; *Producers Transportation Co.* v. *Railroad Commission,* 251 U. S. 228; *Monongahela Nav. Co.* v. *United States,* 148 U. S. 312.

II. The grant of power contained in the Eighteenth Amendment is limited by the reservations of the Tenth Amendment.  The two amendments effect a division of legislative power over intoxicating liquor, the Congress and state legislatures being vested with concurrent legislative power over intoxicating liquor for beverage purposes, and the legislatures of the several States retaining

exclusive legislative power over intoxicating liquor for
non-beverage purposes. *United States* v. *Lanza,* 260
U. S. 377.

It is true that Congress in the exercise of a delegated
power, such as the power to prohibit the use of intoxicat-
ing liquor for beverage purposes, possesses the incidental
power to enact such laws and make such regulations as
will effectively prevent the manufacture, sale or trans-
portation of intoxicating liquor for the prohibited pur-
poses; but the exercise of this incidental power must stop
short of the actual prohibition of the manufacture and
sale of intoxicating liquor for non-beverage purposes.
Otherwise the legislative control of the several States
over intoxicating liquor for non-beverage purposes, re-
served to them by the Tenth Amendment, would be nulli-
fied.

The incidental power of Congress to give full effect
to a delegated power cannot, consistently with the Tenth
Amendment, wholly deprive the States of the power
which that amendment reserves to them. In other words,
judicial construction cannot write into the Eighteenth
Amendment authority to prohibit the manufacture and
sale of intoxicating liquor for non-beverage purposes, as
well as for beverage purposes. To do so would be to strike
the words " for beverage purposes " from the amendment.
Had the amendment when submitted to the legislatures
of the several States contained a delegation of authority
to Congress to prohibit the manufacture, sale or trans-
portation of intoxicating liquor for non-beverage, as well
as beverage, purposes, there is no reason to suppose that
it would have received the ratification it did.

It is of the utmost importance to bear in mind that
the power over the manufacture and sale of intoxicating
liquor, similar to the power to regulate intrastate and
interstate commerce, is a divided power, a part of this
power being vested in the general government and a part

being reserved to state governments. The state powers may not encroach upon the power of Congress, nor may the power of Congress encroach upon the state power to the extent of occupying the entire legislative field. The Constitution itself creates a dividing line which neither may cross.

It should also be borne in mind that this is not a case where Congress acts in the exercise of a power covering the entire legislative field, as it did in *Ruppert* v. *Caffey,* 251 U. S. 264.

Nor is it like the case of *Purity Extract Co.* v. *Lynch,* 226 U. S. 192, where an act of the Legislature of Mississippi prohibiting the sale of malt liquors was upheld. There the state authority was exclusive, covering the entire legislative field, and it could regulate or prohibit as its public policy might require. In neither case was there any constitutional division of power between national and state governments.

III. The incidental power possessed by Congress to make effective its power to prohibit the sale of intoxicating liquor for beverage purposes, cannot be constitutionally exercised so as wholly to prohibit its sale for nonbeverage purposes.

There are well-recognized limitations upon the incidental power of Congress to make effective the exercise of its authority under an express or delegated power. *Hammer* v. *Dagenhart,* 247 U. S. 251; *Child Labor Tax Case,* 259 U. S. 20; *Hill* v. *Wallace,* 259 U. S. 44. The right to control this subject matter has been exclusively reserved to the several States. While it may be incidentally affected by proper congressional action, it cannot be wholly destroyed. *Employers' Liability Cases,* 207 U. S. 463.

The Tenth Amendment is a limitation imposed by the Constitution upon the action of Congress, and this limi-

tation should receive a liberal, and not a narrow construction. *Fairbank* v. *United States,* 181 U. S. 283; *Monongahela Nav. Co.* v. *United States,* 148 U. S. 312; *Boyd* v. *United States,* 116 U. S. 616; *Adair* v. *United States,* 208 U. S. 161; *United States* v. *Dewitt,* 9 Wall. 41; *Collector* v. *Day,* 11 Wall. 113; *Keller* v. *United States,* 213 U. S. 138; *Kansas* v. *Colorado,* 206 U. S. 46.

Congress may go no further than is reasonably necessary to put an end to traffic in intoxicating liquor for beverage purposes. *Wisconsin R. R. Comm.* v. *Chicago, etc., R. R. Co.,* 257 U. S. 563.

The effect of the Eighteenth and Tenth Amendments, considered together, is to vest in the several States the power to regulate or prohibit the use of malt liquors for non-beverage purposes. The effect of this act, if valid, is to divest the States of every· shred of authority over the subject.

IV. The enforcement of the act will deprive the appellant of its property without due process of law, and take its property for public use without just compensation, in violation of the Fifth Amendment. *Chicago & N. W. Ry. Co.* v. *Nye Schneider Fowler Co.,* 260 U. S. 35; *Truax* v. *Corrigan,* 257 U. S. 312; *Davidson* v. *New Orleans,* 96 U. S. 97; *Missouri Pacific Ry. Co.* v. *Humes,* 115 U. S. 512; *Scott* v. *Toledo,* 36 Fed. 385; *Caldwell* v. *Texas,* 137 U. S. 692; *Leeper* v. *Texas,* 139 U. S. 462; *Giozza* v. *Tiernan,* 148 U. S. 657; McGhee, Due Process of Law, p. 60; Willoughby, Const., pp. 873, 874.

The act made no provision for compensating the appellant for the loss which it would sustain from its enforcement, nor did it postpone the effective date of the act for a period during which the appellant might dispose of its stock. Immediately upon its passage it was approved, and at once became effective. *Ruppert* v. *Caffey,* 251 U. S. 264, and *Mugler* v. *Kansas,* 123 U. S. 623, distinguished.

*Mr. Nathan Ballin,* with whom *Mr. William M. K. Olcott* and *Mr. Walter E. Ernst* were on the brief, for appellant in No. 200.

I. The Eighteenth Amendment prohibited the use of intoxicating liquors for beverage purposes only. Op. Atty. Gen., March 3, 1921; *Hamilton* v. *Kentucky Distilleries Co.,* 251 U. S. 146; *Ruppert* v. *Caffey,* 251 U. S. 264; *National Prohibition Cases,* 253 U. S. 350.

In *Purity Extract Co.* v. *Lynch,* 226 U. S. 192, it was decided only that the State might in the exercise of its police power prohibit the use of non-intoxicating malt liquors in order effectually to carry out its state prohibition. There cannot, in the course of that opinion, be found any specific authority to hold that what was permitted to the States, was likewise delegated to Congress, for the prohibition of liquors for medicinal purposes was not included in the delegation of power covered by the Eighteenth Amendment. It is apparent that the power of the States to enforce prohibition, resting on the general rights of the State to regulate the health of its citizens, was a broader function, and not subject to the limitation which has been fastened upon Congress by the express language of the Eighteenth Amendment.

The distinction between national and state functions still remains, and the powers which are undelegated still rest in the States.

Among these functions, the power to regulate health was never delegated by the States to Congress, and is, therefore, a power expressly reserved to the States. It is apparent that the right to practice medicine, the right to manufacture drugs, and the right to manufacture liquors for medicinal purposes, still exist undisturbed, and that Congress has no express power to interfere with these rights. If, in the regulation of national prohibition for beverage purposes, it becomes necessary to establish certain restrictions upon the manufacture of intoxi-

cating liquors for non-prohibited purposes, these restrictions must always be taken in connection with the constitutional right of the individual to enjoy those privileges of life, liberty and pursuit of happiness, which are guaranteed to him under the Constitutions not only of the United States, but also of the States.

In the decisions of this Court, this distinction is manifested in the cases in which acts of Congress have been held to be unconstitutional because they violate state functions, or because Congress has transcended its power. *Marshall* v. *Gordon,* 243 U. S. 521.

That the exercise of the regulation of health is purely a matter of state control is exemplified in *Keller* v. *United States,* 213 U. S. 138; and *Hoke* v. *United States,* 227 U. S. 308.

More recently this Court has held that the power of Congress, even though intended to be beneficial, may not be asserted in respect to a purely state function. *Child Labor Tax Case,* 259 U. S. 20.

The power of the State in respect of health has also been recognized by such cases as *Jacobson* v. *Massachusetts,* 197 U. S. 11; *Dent* v. *West Virginia,* 129 U. S. 114; and *Watson* v. *Maryland,* 218 U. S. 173, in all of which the power of the State to regulate vaccination and the practice of medicine is distinctly asserted and established as a state and not a national function. See also *Hammer* v. *Dagenhart,* 247 U. S. 251. *United States* v. *Doremus,* 249 U. S. 86, distinguished.

A striking illustration of the constitutional right of a person to be treated medicinally as he chooses, or in fact, not to be treated at all, appears in *People* v. *Cole,* 219 N. Y. 98.

II. The prohibition of intoxicating malt liquors for medicinal purposes is neither an appropriate nor a reasonable exercise of the prohibitory power of Congress.

The power to prohibit the use of liquors as a beverage does not extend to the power to prohibit them as a medi-

cine.  *Sarrls* v. *Commonwealth,* 83 Ky. 427; Freund, Police Power, p. 210; *Lambert* v. *Yellowley,* 291 Fed. 640; *United States* v. *Freund,* 290 Fed. 411.

May a legislature declare a scientific fact because it has instituted some investigation?  Because of such investigation, may Congress arbitrarily assume that malt liquors have no medicinal properties?  In its last analysis, the scientific or medicinal value of the product should rest with the physician.  Congress has transgressed not only the constitutional right of the physician to determine what is beneficial for his patients, but also the constitutional right of the patient to receive from the physician the prescription of malt liquors, if the physician deems it best for the health of his patient.  In this enactment Congress assumed a function which it did not constitutionally possess.  The power to define what is intoxicating, namely, the limitation to an alcoholic content of ½ of one per cent., may not be extended so as to give Congress power, also, to declare non-medicinal a form of liquor which has been recognized by leading physicians as having marked medicinal and therapeutic properties.

*Mr. Joseph S. Auerbach,* with whom *Mr. Martin A. Schenck* was on the brief, on behalf of Samuel W. Lambert, by special leave of Court, as *amicus curiae.*

*Mr. Solicitor General Beck,* with whom *Mrs. Mabel Walker Willebrandt* and *Mr. Mahlon D. Kiefer* were on the brief, for appellees.

*Mr. H. H. Griswold,* on behalf of the Attorneys General of the States of Alabama, Arkansas, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Tennessee, West Virginia and Wyoming, by special leave of Court, as *amicus curiae.*

Mr. Justice Sanford delivered the opinion of the Court.

These two cases were heard together. They involve the single question whether § 2 of the Supplemental Prohibition Act of November 23, 1921, c. 134, 42 Stat. 222, is constitutional, in so far as it prevents physicians from prescribing intoxicating malt liquors for medicinal purposes. This section of the act provides: " That only spirituous and vinous liquor may be prescribed for medicinal purposes, and all permits to prescribe and prescriptions for any other liquor shall be void."

The Eighteenth Amendment to the Constitution provides that " the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States . . . for beverage purposes is hereby prohibited " (§ 1); and that " Congress and the several States shall have concurrent power to enforce this article by appropriate legislation." (§ 2.)

The National Prohibition Act (41 Stat. 305), enacted in pursuance of this Amendment, provides that no person shall " manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor " except as authorized in the act, and that all its provisions shall be liberally construed to the end that " the use of intoxicating liquor as a beverage " may be prevented, Tit. II, § 3; that intoxicating liquor " for nonbeverage purposes" may be manufactured, sold, etc., " but only " as provided in the act, and the Commissioner of Internal Revenue may issue permits therefor, Ib., § 3; that no one shall manufacture, sell or prescribe intoxicating liquor without first obtaining a permit from the Commissioner, § 6; that no permit shall be issued for the sale of intoxicating liquor at retail except through a pharmacist licensed to dispense medicine prescribed by physicians,

§ 6; that no one shall be given a permit to prescribe intoxicating liquor except a licensed practicing physician, § 6; that no one but a physician holding such permit shall issue any prescription for intoxicating liquor, § 7; and that not more than a pint of " spirituous liquor " shall be prescribed for the same person within any period of ten days, § 7.

Under the Regulations adopted by the Treasury Department after the passage of the act, physicians obtaining permits were authorized to prescribe only distilled spirits, wines, and certain alcoholic medicinal preparations. T. D. 2985. In October, 1921, pursuant to an opinion of the Attorney General that the Commissioner might issue permits for the manufacture of beer and other intoxicating malt liquors, as well as whisky and vinous liquors, for medicinal purposes (32 Ops. Atty. Gen. 467), the Regulations were amended so as to authorize the Commissioner to issue permits for the manufacture of intoxicating malt liquors for medicinal purposes, and to permit physicians to prescribe them. T. D. 3239.

In November Congress passed the Supplemental Act now in question, containing in § 2, as has been stated, the provision that " only spirituous and vinous liquor may be prescribed for medicinal purposes," and that all prescriptions for any other liquor [1] and permits therefor shall be void. The direct effect of this provision is to prohibit physicians from prescribing intoxicating malt liquors for medicinal purposes, and the Commissioner from issuing permits authorizing such prescriptions. This section also limits prescriptions for vinous liquor to one-

---

[1] The word " liquor " is used as meaning " intoxicating liquor " as defined in the Prohibition Act (Tit. II, § 1), including beer, ale, porter, and any malt liquor containing one-half of one per centum of alcohol by volume and fit for use for beverage purposes. Supp Act, § 1.

fourth of a gallon, containing not more than 24 per centum of alcohol, and provides that the vinous and spirituous liquor prescribed for any person within any period of ten days shall not contain more than one-half pint of alcohol.

James Everard's Breweries, the plaintiff in the first case, is a New York corporation. Prior to the passage of the Prohibition Act it had been engaged in the manufacture and sale of beer and other intoxicating malt liquors. After the Treasury Regulations had been amended, it obtained a permit for the manufacture of intoxicating malt liquor for medicinal purposes, and brewed a large quantity of beer, ale and stout for sale to pharmacists for resale on physician's prescriptions. When the Supplemental Act was passed it had on hand a large quantity of these intoxicating malt liquors which it could not thereafter sell in the conduct of its business, and of which it could only dispose, after de-alcoholization, at a heavy loss.

Edward and John Burke, Limited, the plaintiff in the second case, is a British corporation, engaged in bottling and distributing an intoxicating malt liquor known as Guinness's Stout. Prior to the passage of the National Prohibition Act it had maintained a branch of its business in New York. Early in November, 1921, the Commissioner refused it a permit to sell such stout for medicinal purposes because of the pendency in Congress of the Supplemental Prohibition Bill. At the time of the passage of the act it had on hand a large quantity of stout.

Each of these corporations brought a suit in equity in the District Court to enjoin the Commissioner of Internal Revenue and other federal officers from enforcing the provision of the Supplemental Act prohibiting the prescribing of intoxicating malt liquors for medicinal purposes, alleging that it was not authorized by the Eighteenth Amendment and was in conflict with other provisions

of the Constitution.[2]   Each of these bills was dismissed
by the District Court, for want of equity.[3]   The plaintiffs
then appealed directly to this Court.   Jud. Code, § 238.

The contention that this provision of the Supplemental
Act is unconstitutional, is based primarily upon the
grounds:   That the Eighteenth Amendment merely dele-
gates to Congress the authority to prohibit the traffic in
intoxicating liquors for beverage purposes, and the con-
trol of the traffic in such liquors for non-beverage pur-
poses is reserved to the several States; that while Congress
possesses the incidental power to regulate the traffic in
intoxicating liquors for non-beverage purposes so far as
is reasonably necessary to make effective the prohibition
of the traffic in such liquors for beverage purposes, this
incidental power is limited to reasonable regulation and
does not extend to complete prohibition; and that the
prohibition of prescriptions for the use of intoxicating
malt liquors for medicinal purposes is neither an appro-
priate nor reasonable exercise of the power conferred
upon Congress by the Amendment and infringes upon the

---

[2] In the Everard case the bill prayed that the Supplemental Act
be declared unconstitutional; and that the defendants be enjoined
from interfering with the plaintiff in manufacturing intoxicating
malt liquors for medicinal purposes and selling the same to pharma-
cists; from interfering with pharmacists in purchasing and physicians
in prescribing such liquors for such purposes; and from refusing
to issue permits to pharmacists and physicians for such purposes.
In the Burke case the bill prayed that the defendants be enjoined
from enforcing the act and Treasury Regulations in so far as they
prohibited the plaintiff from selling stout to pharmacists for medi-
cinal purposes; from interfering with the plaintiff in making such
sales; and from refusing to issue to the plaintiff and to pharma-
cists and physicians permits for the sale, purchase and prescribing of
such stout.

[3] In the Everard case there was no opinion.   In the Burke case
the opinion was mainly based on the earlier opinion of the same
court in *Piel Bros.* v. *Day,* 278 Fed. 223, which had been affirmed by
the Circuit Court of Appeals, *per curiam.*   281 Fed. 1022.

legislative power of the States in matters affecting the public health.

It is clear that if the act is within the authority delegated to Congress by the Eighteenth Amendment, its validity is not impaired by reason of any power reserved to the States. The words " concurrent power " as used in the second section of the Amendment " do not mean joint power, or require that legislation thereunder by Congress, to be effective, shall be approved or sanctioned by the several States or any of them "; and the power confided to Congress, while not exclusive, " is in no wise dependent on or affected by action or inaction on the part of the several States or any of them." *National Prohibition Cases,* 253 U. S. 350, 387. And if the act is within the power confided to Congress, the Tenth Amendment, by its very terms, has no application, since it only reserves to the States " powers not delegated to the United States by the Constitution." See *McCulloch* v. *Maryland,* 4 Wheat. 316, 406; *Lottery Case,* 188 U. S. 321, 357.

We come then to the question whether this act is within the power conferred upon Congress by the Eighteenth Amendment. By its terms the Amendment prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes, and grants to Congress the power to enforce this prohibition " by appropriate legislation." Its purpose is to suppress the entire traffic in intoxicating liquor as a beverage. See *Grogan* v. *Walker,* 259 U. S. 80, 89. And it must be respected and given effect in the same manner as other provisions of the Constitution. *National Prohibition Cases,* 253 U. S. 350, 386.

The Constitution confers upon Congress the power to make all laws necessary and proper for carrying into execution all powers that are vested in it. Art. I, § 8, cl. 18. In the exercise of such non-enumerated or " implied " powers it has long been settled that Congress is

not limited to such measures as are indispensably necessary to give effect to its express powers, but in the exercise of its discretion as to the means of carrying them into execution may adopt any means, appearing to it most eligible and appropriate, which are adapted to the end to be accomplished and consistent with the letter and spirit of the Constitution. *United States* v. *Fisher,* 2 Cranch, 358, 395; *Martin* v. *Hunter's Lessee,* 1`Wheat. 304, 326; *McCulloch* v. *Maryland, supra,* pp. 421, 422; *Ex parte Curtis,* 106 U. S. 371, 372; *Legal Tender Case,* 110 U. S. 421, 440; *In re Rapier,* 143 U. S. 110, 134; *Logan* v. *United States,* 144 U. S. 263, 283; *Fong Yue Ting* v. *United States,* 149 U. S. 698, 712; *Lottery Case, supra,* p. 355; *Hoke* v. *United States,* 227 U. S. 308, 323. Furthermore, aside from this fundamental rule, the Eighteenth Amendment specifically confers upon Congress the power to enforce " by appropriate legislation " the constitutional prohibition of the traffic in intoxicating liquors for beverage purposes. This enables Congress to enforce the prohibition " by appropriate means." *National Prohibition Cases, supra,* p. 387.

It is likewise well settled that where the means adopted by Congress are not prohibited and are calculated to effect the object intrusted to it, this Court may not inquire into the degree of their necessity; as this would be to pass the line which circumscribes the judicial department and to tread upon legislative ground. *McCulloch* v. *Maryland, supra,* p. 423; *Legal Tender Case, supra,* p. 450; *Fong Yue Ting* v. *United States, supra,* p. 713. Nor may it enquire as to the wisdom of the legislation. *Legal Tender Case, supra,* p. 450; *McCray* v. *United States,* 195 U. S. 27, 54; *Hamilton* v. *Kentucky Distilleries Co.,* 251 U. S. 146, 141. What it may consider is whether that which has been done by Congress has gone beyond the constitutional limits upon its legislative discretion. *Ex parte Curtis, supra,* p. 373.

It is clear that Congress, under its express power to enforce by appropriate legislation the prohibition of traffic in intoxicating liquors for beverage purposes, may adopt any eligible and appropriate means to make that prohibition effective. The possible abuse of a power is not an argument against its existence. *Lottery Case, supra,* p. 363; *Hamilton* v. *Kentucky Distilleries Co., supra,* p. 161. And it has been held that the power to prohibit traffic in intoxicating liquors includes, as an appropriate means of making that prohibition effective, power to prohibit traffic in similar liquors, although non-intoxicating. *Purity Extract Co.* v. *Lynch,* 226 U. S. 192; *Ruppert* v. *Caffey,* 251 U. S. 264.

The ultimate and controlling question then is, whether in prohibiting physicians from prescribing intoxicating malt liquors for medicinal purposes as a means of enforcing the prohibition of traffic in such liquors for beverage purposes, Congress has exceeded the constitutional limits upon its legislative discretion.

In enacting this legislation Congress has affirmed its validity. That determination must be given great weight; this Court by an unbroken line of decisions having " steadily adhered to the rule that every possible presumption is in favor of the validity of an act of Congress until overcome beyond rational doubt." *Adkins* v. *Children's Hospital,* 261 U. S. 525, 544.

We cannot say that prohibiting traffic in intoxicating malt liquors for medicinal purposes has no real or substantial relation to the enforcement of the Eighteenth Amendment, and is not adapted to accomplish that end and make the constitutional prohibition effective. The difficulties always attendant upon the suppression of traffic in intoxicating liquors are notorious. *Crane* v. *Campbell,* 245 U. S. 304, 307. The Federal Government in enforcing prohibition is confronted with difficulties similar to those encountered by the States. *Ruppert* v.

*Caffey, supra,* p. 297.   The opportunity to manufacture, sell and prescribe intoxicating malt liquors for "medicinal purposes," opens many doors to clandestine traffic in them as beverages under the guise of medicines; facilitates many frauds, subterfuges and artifices; aids evasion: and, thereby and to that extent, hampers and obstructs the enforcement of the Eighteenth Amendment.   A provision in a revenue act which tends to diminish the opportunity for clandestine traffic in avoidance of the tax, has a reasonable relation to its enforcement.   *United States* v. *Doremus,* 249 U. S. 86, 94.

Nor can it be held that the act is an arbitrary and unreasonable prohibition of the use of valuable medicinal agents.

When the bill was pending in Congress the Judiciary Committee of the House of Representatives held an extended public hearing, in which it received testimony, among other things, on the question whether beer and other intoxicating malt liquors possessed any substantial medicinal properties.   Hearings before House Judiciary Committee on H. R. 5033, Serial 2, May 12, 13, 16, 17, 20, 1921.   On the information thus received the Committee recommended the passage of the bill.   H. R., 67th Cong., 1st sess., Rep. No. 224.[4]   And in the light of all the

---

[4] In its report the Committee said: "The evidence presented to the committee to the effect that beer has never been recognized as a medicine was overwhelming.   The United States Pharmacopœia has never listed it as a medicine.   One hundred and four of the leading physicians and scientists in the Nation signed the following statement: 'The undersigned physicians of the United States desire to place on record their conviction that the manufacture and sale of beer and other malt liquors for medicinal purposes should not be permitted.   Malt liquors never have been listed in the United States Pharmacopœia as official medicinal remedies.   They serve no medical purpose which can not be satisfactorily met in other ways, and that without the danger of cultivating the beverage use of an alcoholic liquor.'   Several thousand other physicians signed the

testimony Congress determined, in effect, that intoxicating malt liquors possessed no substantial and essential medicinal properties which made it necessary that their use for medicinal purposes should be permitted, and that, as a matter affecting the public health, it was sufficient to permit physicians to prescribe spirituous and vinous intoxicating liquors in addition to the non-intoxicating malt liquors whose manufacture and sale is permitted under the National Prohibition Act.

Neither beer nor any other intoxicating malt liquor is listed as a medicinal remedy in the United States Pharmacopœia. They are not generally recognized as medicinal agents. There is no consensus of opinion among physicians and medical authorities that they have any substantial value as medicinal agents; and while there is some difference of opinion on this subject the question is, at the most, debatable. And their medicinal properties, if any, may, it appears, be supplied by the use of other available remedies. That the opinion is extensively held that the prohibition of prescription of malt liquors is a necessary and proper means to the suppression of the traffic in intoxicating beverages likewise appears from the legislation in many States, under which such prescriptions are not permitted.

The distinction made by Congress between permitting the prescription of spirituous and vinous liquors while prohibiting the prescription of malt liquors is not plainly

above, or a similar statement, and presented it to the committee. The attorney for the Anheuser-Busch Co. (Inc.) appeared before the committee and called attention to the fact that if beer was permitted as a medicine it would be impossible to enforce the prohibition law. There was only one doctor who appeared before the committee in favor of beer as a medicine, and the New York County Medical Association, the official medical association of New York, denied that he spoke for them in favoring beer for medicinal purposes."

unreasonable or without a substantial justification, based upon their essential differences.

We find, on the whole, no ground for disturbing the determination of Congress on the question of fact as to the reasonable necessity, in the enforcement of the Eighteenth Amendment, of prohibiting prescriptions of intoxicating malt liquors for medicinal purposes. See *Radice* v. *New York*, 264 U. S. 292.

It cannot be said that its action in this respect violated any personal rights of the appellants protected by the Constitution. That it did not take their property in violation of the Fifth Amendment, is clear. *Ruppert* v. *Caffey*, 251 U. S. 264, 301, and cases there cited.

We are unable to say that the provision of the Supplemental Act is an arbitrary and unreasonable exercise of the power vested in Congress by the Eighteenth Amendment or that it is not " appropriate legislation " for its enforcement.

The decrees of the District Court are

*Affirmed.*