254

## UNITED STATES v. DI SANTO.
### No. 15185.

District Court, N. D. Ohio, E. D.
Oct. 19, 1935.

E. B. Freed, U. S. Dist. Atty., for the United States.

Blase Buonpane, of Cleveland, Ohio, for defendant.

WEST, District Judge.

Defendant was indicted for violation of the Joint Resolution adopted June 18, 1934, 48 Stat. 1020, section 275, tit. 26 U.S.C. (26 U.S.C.A. § 1162a). He demurred on the ground that the resolution violates article 1 and the Fifth, Tenth, and Fourteenth Amendments and usurps the powers of the state to regulate intrastate commerce. Decision on the demurrer was reserved, jury waived, and the case tried to the court.

It seems clear that neither the Tenth or Fourteenth Amendments, nor the Commerce Clause (article 1, § 8, cl. 3) are involved, and Brushaber v. R. R. Co.,

240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713, seems to dispose of the objection based on the Fifth Amendment. This case holds that the provisions of the income tax law for collecting income at the source do not deny due process because of uncompensated duties imposed on corporations in connection with taxes of others. Id., page 21 of 240 U.S., 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713. Nor can the resolution be regarded as an arbitrary abuse of power or a confiscatory measure bringing it within the range of said last-mentioned amendment. Id., at pages 24, 25 of 240 U.S., 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas. 1917B, 713. Interference with defendant's business resulting from the required reports is not undue, is in the public interest, and would be permissible under the Fourteenth Amendment in a case involving state legislation. Murphy v. California, 225 U.S. 623, 32 S.Ct. 697, 56 L.Ed. 1229, 41 L.R.A.(N.S.) 153; City of Marysville v. Standard Oil Co. (C.C.A.) 27 F.(2d) 478.

 Legislative power is not improperly delegated to the Commissioner. True, he may or may not require a dealer in sugar, yeast, etc., to report his sales. The situation may well be such that instead of being fair, it would be quite unfair to treat all dealers alike in this respect. The Commissioner and his subordinates may be expected to have information on which to base discretionary action, and the regularity of his acts is to be presumed. U. S. v. Chemical Foundation, 272 U.S. 1, 14, 47 S. Ct. 1, 71 L.Ed. 131.

The resolution is similar to section 150, Revenue Act of 1928, and previous acts (tit. 26 U.S.C. §§ 2150, 1022 [26 U.S.C.A. § 149 and note]), which require brokers on demand of the Commissioner to make verified reports under rules to be prescribed, showing details of transactions with customers, to enable the Commissioner to determine whether all income tax due on profits has been paid. The Joint Resolution authorizes the Commissioner by regulation to prescribe forms of returns which must correctly show the names and addresses of the persons to whom disposition was made, with details as to quantity disposed of or other information which the Commissioner may require, "as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid." Names and addresses of recipients must be shown, other details and information may or may not be required. Willful failure to render correct returns in the form so prescribed is made a crime for which Congress fixes the penalty.

The indictment charges violation of the Resolution by willful refusal to furnish returns showing names and addresses of recipients of certain dispositions and by such refusal to furnish returns correctly stating names and addresses of recipients of other dispositions "contrary to the form of the statute," etc. Violations of the law are thus charged in respect of provisions of the regulation which Congress specifically requires the latter to contain, and which the Commissioner had no option or discretion to include or exclude.

 The validity of the Resolution and the sufficiency of the indictment therefore turn on the power of Congress to vest in the Commissioner the right to require returns from the defendant, while not demanding like returns from all other dealers. I have no doubt of the existence of this power.

Congress may make all laws proper for carrying into execution its powers with respect to the collection of taxes. And where the law is not prohibited and is calculated to aid in effecting this object, the court will not inquire into the degree of its necessity. McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579. The making of these reports by dealers in sugar can be expected under proper administration of the law to aid materially in discovering frauds on the revenue. Section 314, tit. 26 U.S.C. (26 U.S.C.A. § 1192 (a), requires distillers to make and keep open for inspection by the revenue officers records of materials purchased for the production of spirits, in considerable detail. This indicates the value of knowledge on this subject. The information sought by the new reports will probably act as a check on the distillers' records and also aid in locating illegal stills, which, of course, keep no records under section 314. At least this seems to be the view of Congress, and I see no justification for interference by the courts. Felsenheld v. U. S., 186 U.S. 126, 22 S.Ct. 740, 46 L.Ed. 1085; Everard's Breweries v. Day, 265 U.S. 545, 561, 44 S.Ct. 628, 68 L.Ed. 1174.

Defendant cites Tyson & Brother United Theatre Ticket Offices v. Banton, 273 U.S. 418, 47 S.Ct. 426, 71 L.Ed. 718, 58 A. L.R. 1236. It is there said that because some theater managers and ticket sellers might be guilty of collusion and extortion was no reason for imposing a law restricting prices of tickets upon all, innocent and guilty alike. That principle has no application here. Sales of sugar, etc., to distillers were lawful before the enactment and will so continue. This Resolution is not directed against persons guilty of anything under previous laws, its objective being information respecting future sales.

I have not cited cases relating to reports required of manufacturers of oleomargarine, railroads under control of the Interstate Commerce Commission, etc., as they may rest on a power of Congress to control, not existing as to defendant's business. On the general subject of validity of administrative regulations, it is sufficient to cite U. S. v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563. But as Congress empowers the Commissioner to use his discretion respecting returns and has itself fixed the terms of the regulation claimed to have been violated here, I fail to see how the validity of the regulation, in so far as delegated power is concerned, is involved.

I have examined the authorities which counsel cites and think there is nothing in them inconsistent with my view that section 275 (section 1162a) is valid. Judge Moscowitz has so held in U. S. v. Turner Bros., Inc. (D.C.N.Y.) 11 F.Supp. 908. Demurrer is overruled.

On the merits, the court finds the defendant guilty under all counts except the first. It has to do with 800 pounds of sugar which was hauled away from defendant's place of business on July 18, and was followed a considerable distance by the investigators who then lost the truck in traffic. Nothing further is shown, and I give the defendant the benefit of the doubt as to what finally became of the truck and its contents and whether there was really any disposition of the sugar.

A similar occurrence took place on August 2, when, as charged in the second count, defendant disposed of a large quantity of sugar as to which he made no return. The investigators saw this truck loaded at defendant's place of business by his driver, followed it until it was driven into other premises a considerable distance away and unloaded into another truck. Later this truck was followed by the officers to the site of an illegal still, where it was unloaded. The rest of the counts charge false returns. Falsity has been amply established, and knowledge by the defendant is also proven, both by the method of handling these various transactions and by the fact that he is shown to have been involved in the transaction mentioned in the second count, and that the false and nonexisting addresses were so numerous as to fairly imply knowledge on his part. Further, he failed to call his driver, and was not himself a convincing witness.