### UNITED STATES v. DANO.

#### No. 9667.

District Court, W. D. Pennsylvania.

Dec. 4, 1936.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa.

John D. Meyer, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

Nick Dano was tried before a jury and found guilty on all four counts of an indictment charging him with certain violations of Joint Resolution No. 373, 48 Stat. 1020 (26 U.S.C.A. § 1162a), and Regulation No. 17 of the Bureau of Internal Revenue. The first count charges him with failure to file a return of sale of corn sugar and yeast, as required by notice in writing from the Commissioner of Internal Revenue under the provisions of Regulation 17. The second count charges him with failure to keep records of said sale, as required by said regulation. The third count charges failure to report another sale of corn sugar at another date. The fourth count charges the failure to keep records of said additional sale of corn sugar.

The defendant has filed a motion in arrest of judgment, alleging that this joint resolution and the regulations adopted thereunder are unconstitutional and void.

Resolution 373 requires every person disposing of any substance of the character used in the manufacture of distilled spirits, when required by the Commissioner of Internal Revenue, to render returns in such manner and form as the Commissioner may prescribe by rules and regulations approved by the Secretary of the Treasury, showing names and addresses of the persons to whom such disposition was made. Regulation No. 17, adopted in pursuance of this resolution, fixes the form of these returns and the records to be kept of all such dispositions.

The question raised by the motion in arrest of judgment is not new. There have been three cases in United States District Courts where the matter of the constitutionality of this resolution and the regulations has been considered. In two cases, i. e., United States v. Turner Brothers, 11 F.Supp. 908, District Court of the Eastern District of New York, Moscowitz, District Judge; and United States v. Di-

Santo, 20 F.Supp. 254, District Court for the Northern District of Ohio, Eastern Division, West, District Judge, this resolution and regulations adopted thereunder were held to be valid and constitutional.

In another case, United States v. Ballard, 12 F.Supp. 321, the District Court of the Western District of Kentucky, Hamilton, District Judge, they were held to be unconstitutional.

Our own view is that both the resolution and the regulations are constitutional. We are dealing with a measure of revenue over which Congress has full power. This resolution and the regulations adopted thereunder are in aid of the collection of tax imposed on distilled spirits. Informations in the hands of the taxing officials as to the purchase of quantities of substances that enter into the manufacture of distilled spirits would certainly aid in the discovery of taxable distilled spirits, and act as a deterrent to clandestine manufacture of taxable liquors.

It is perfectly plain, therefore, that this legislation has a reasonable relation to the taxing authority conferred upon Congress by the Constitution, and must be held valid. U. S. v. Doremus, 249 U.S. 86, 93, 39 S.Ct. 214, 63 L.Ed. 493; Everard's Breweries v. Day, 265 U.S. 545, 559, 44 S. Ct. 628, 631, 68 L.Ed. 1174.

Nor can we see that any personal rights guaranteed to the defendant by the Constitution are violated by this resolution. No property is taken; he is not subjected to unreasonable searches and seizures.

The principal attack by the defendant upon the resolution is that there is a delegation of legislative powers to the Commissioner in the giving to him of the power to make rules and regulations as to the form, manner, and occasion of making returns and of records to be kept. We cannot so construe this resolution. What it does do is to authorize the Commissioner to make subordinate administrative rules as to the form, manner, and occasion of the returns which the resolution calls for. That is not a delegation of legislative power. The very case on which the defendant relies, Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446, clearly points out the difference between administrative and legislative matters. Mr. Chief Justice Hughes in that case says upon this point, 293 U.S. 388, at page 421, 55 S.Ct. 241, 248, 79 L.Ed. 446: "The Con-

stitution provides that 'All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.' Art. 1, § 1. And the Congress is empowered 'To make all Laws which shall be necessary and proper for carrying into Execution' its general powers. Art. 1, § 8, Par. 18. The Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is thus vested. Undoubtedly legislation must often be adapted to complex conditions involving a host of details with which the national Legislature cannot deal directly. The Constitution has never been regarded as denying to the Congress the necessary resources of flexibility and practicality which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the Legislature is to apply. Without capacity to give authorizations of that sort we should have the anomaly of a legislative power which in many circumstances calling for its exertion would be but a futility."

We therefore conclude that the motion in arrest of judgment must be denied.