Nick DANO, Defendant-Appellant, v. UNITED STATES of America, Plaintiff-Appellee.

No. 6384.

Circuit Court of Appeals, Third Circuit.
Aug. 5, 1937.

For opinion below, see 20 F.Supp. 458.

John D. Meyer, of Pittsburgh, Pa., for appellant.

Charles F. Uhl, U. S. Atty., and George Mashank, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

PER CURIAM.

In the court below Nick Dano was tried, convicted, and sentenced on an indictment charging him with certain violations of Joint Resolution No. 373, section 1162a, title 26 U.S.C.A., and Regulation 17 of the Bureau of Internal Revenue. Thereupon he took this appeal from an order of the court denying his motion in arrest of judgment, and the question involved is the constitutionality of such legislation and regulation. That question was decided in an opinion of the judge below reported in (D.C.) 20 F.Supp. 458.

After consideration had, we affirm the court's action, adopting its opinion as the view of this court.

Harry A. DAVIS v. UNITED STATES.

No. 8661.

Circuit Court of Appeals, Ninth Circuit.
Sept. 10, 1937.

Joe Coombs, of Los Angeles, Cal., for appellant.

Before WILBUR and MATHEWS, Circuit Judges.

PER CURIAM.

Upon motion of appellant for dismissal of the appeal herein, and by direction of the court, ordered said motion granted, that the appeal herein be, and hereby is, dismissed, and the mandate of this court herein issue forthwith.

James R. DUNCAN and The City National Bank of Binghamton, as Surviving Executors of and Trustees under the Will of George Fowler, Deceased, Appellant, v. Guy T. HELVERING, Commissioner of Internal Revenue, Appellee.

No. 333.

Circuit Court of Appeals, Second Circuit.
July 26, 1937.

Israel T. Deyo and Jenkins, Deyo & Hitchcock, all of Binghamton, N. Y., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Francis I. Howley, and Norman D. Keller, Sp. Assts. to the Atty. Gen., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Decision affirmed on the authority of Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365.