### UNITED STATES v. TISHMAN.
### No. 6658.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1938.

Rehearing Denied Dec. 12, 1938.

952

John C. Melaniphy and Joseph V. Murphy, both of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., and Daniel D. Glasser, Ass't. U. S. Atty., both of Chicago, Ill., for the United States.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This cause is an appeal from a judgment of the United States District Court based upon a finding that the defendant was guilty of violation of Section 1162a of Title 26 U. S.C.A. (Joint Resolution 373 approved June 18, 1934, 48 Stat. 1020). The alleged offense consisted of the disposal of sugar, a substance of the character used in the manufacture of distilled spirits, without having rendered a correct return in the form and manner required by the Commissioner of Internal Revenue in accordance with Regulation 17 approved by the Secretary of the Treasury and issued under authority of Joint Resolution No. 373. The case was tried without a jury on a plea of not guilty and upon a stipulation of facts. The defendant's contentions on appeal are that both Joint Resolution 373 and Regulation No. 17, issued pursuant to the Joint Resolution, are unconstitutional.

The Congressional Act involved in this case is entitled "Joint resolution to protect the revenue by requiring information concerning the disposition of substances used in the manufacture of distilled spirits." The body of the resolution includes the following provision: "Every person disposing of any substance of the character used in the manufacture of distilled spirits shall, when required by the Commissioner, render a correct return in such form and manner as the Commissioner, with the approval of the Secretary of the Treasury, may by rules and regulations prescribe, showing the names and addresses of the persons to whom such disposition was made, with such details as to the quantity so disposed of or other information which the Commissioner may require as to each such disposition, as will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid. Any person who willfully violates any provision hereof or of any such rules or regulations and any officer, director or agent of any such person who knowingly participates in such violation, shall upon conviction be fined not more than $500 or be imprisoned for not more than one year, or both."

Pursuant to Joint Resolution No. 373 the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, prepared and adopted certain rules and regulations entitled Internal Revenue Regulation No. 17. The requirements set out in Regulation No. 17 are clearly within the scope of Joint Resolution 373 and constitute a reasonable method of obtaining information which "will enable the Commissioner to determine whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid."

Article 2 of Regulation 17 sets out in detail the information which is to be furnished "when required in writing by the Commissioner for the purpose of determining whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid." Article 3 prescribes the records which must be kept by persons who deal in substances used in the manufacture of distilled spirits; but exempts from the foregoing requirement all persons whose transactions do not exceed in volume certain specified amounts, unless the Commissioner shall in writing notify

any such person to keep the required records.

In support of his contention that Joint Resolution 373 is unconstitutional defendant urges that it does not create any crime and that it attempts to delegate legislative functions to the executive branch of the government. And in respect to Regulation 17 it is contended that it is unconstitutional and void since it was authorized by an unconstitutional act and also because there is no check on the regulations by Congress. The substance of defendant's argument is that the Commissioner alone determines whether a return is to be filed and that his discretion is unfettered, that he may be arbitrary in determining who must file a return and, in consequence of the foregoing, that the Commissioner in fact creates the crime, which is punishable under the Joint Resolution and for which defendant `is prosecuted.

The Act in question was held invalid in United States v. Ballard.[1] The decision in the foregoing case is based upon the conclusion that the Act violates due process of law in that it requires the doing of an act without providing any rule or standard by which those dealing in the substances referred to can govern their conduct. In several reported cases the Act has been held constitutional.[2] The foregoing cases involve the questions which are presented in the instant case, and the court, in each case, concluded that there is no unlawful delegation of legislative powers by Joint Resolution 373, and that Regulation 17 is a valid exercise of administrative authority under the resolution.

It is clear from the opinions rendered in the foregoing cases that the courts held that a sufficiently definite standard is laid down by the Act to avoid the defects of unlawful delegation of legislative power. Also it is clear from the discussions that the courts believed that Regulation 17 comes within the well recognized rule that a violation of administrative rule or regulation made pursuant to and within the scope of a legislative act may be made by the act a criminal offense.

In respect to the argument that there is no check on the administrative regulations by Congress the cited cases hold that the act itself defines the scope of the regulations and fixes a standard which limits the exercise of administrative discretion. The opinion in United States v. Goldsmith, supra, contains the following statement of the test which the court thought Joint Resolution 373 and Regulation 17 satisfied: "Yet where the power to make and enforce rules and regulations is so fixed that they can but follow the will of Congress under limitations in the statute which itself is so specific that the field covered is defined, such rules and regulations as are fairly within such defined scope and are reasonably necessary to the proper administration of the law are to be upheld as lawful incidents of administration."

We are of the opinion that the power conferred on the Commissioner of Internal Revenue and the Secretary of the Treasury is power to take administrative action to make effective the legislative purpose as declared in Joint Resolution 373. The conferring of administrative authority upon administrative officers accompanied by general limitations and conditions upon its exercise is not a delegation of legislative power but an exercise of it. The power conferred in the instant case is to make decisions or "to determine some fact or state of things upon which the law makes, or intends to make, its own action depend."[3] It has been aptly stated that " the true distinction, therefore, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law."[4] (Our italics.)

It is true, as stated by defendant, that there is opportunity for arbitrary discrimination on the part of the Commissioner between different persons in the same general situation. But it is clearly the duty of the Commissioner under the Act to adopt only such rules and regulations and to require only such returns as are reasonably related

---

[1] D.C., 12 F.Supp. 321.

[2] United States v. Goldsmith, 2 Cir., 91 F.2d 983, 985, certiorari denied in 302 U. S. 718, 58 S.Ct. 38, 82 L.Ed. 555; Dano v. United States, 3 Cir., 91 F.2d 1012, affirming D.C., 20 F.Supp. 458; Di Santo v. United States, 6 Cir., 93 F.2d 948, certiorari denied 303 U.S. 662, 58 S.Ct.

829, 82 L.Ed. 1121, affirming D.C., 20 F. Supp. 254; United States v. Turner Bros., Inc., D.C., 11 F.Supp. 908.

[3] Locke's Appeal, 1873, 72 Pa. 491, 13 Am.Rep. 716.

[4] Cincinnati, W. & Z. R. Co. v. Clinton County Com'rs, 1 Ohio St. 77, 78.

to his duty of determining "whether all taxes due with respect to any distilled spirits manufactured from such substances have been paid." Arbitrary discrimination by the Commissioner would be as unlawful as arbitrary classification in the Act itself. But arbitrary discrimination by the Commissioner can appear only by his conduct and there is no contention in the instant case that the request for a return from the defendant was an arbitrary act of discrimination against the defendant.

The Act does not require the Commissioner to compel all persons dealing with the stated substances to make regular reports, but clearly authorizes him to do so if, in his judgment, such reports are needed by him in the performance of his duty of determining whether all taxes due with respect to distilled spirits manufactured from the stated substances have been paid. The cases upholding the Act point out that the purpose of the Act is to protect the collection of revenue and that to carry out such purpose it would be useless and unwarranted to make a blanket requirement that all persons, even those dealing in trivial amounts of the stated substances, make reports; and that, consequently, the Commissioner was properly authorized to narrow his requirements for returns to the instances in which the transactions were such that the Commissioner was justified in believing that full information was necessary in order to determine whether such substances were being used for the purpose of making distilled spirits and whether there was a probability that the full amount of taxes were not being paid.[5]

In United States v. Di Santo, supra, 20 F.Supp. 255, this particular point was commented upon as follows: "The situation may well be such that instead of being fair, it would be quite unfair to treat all dealers alike in this respect. The Commissioner and his subordinates may be expected to have information on which to base discretionary action, and the regularity of his acts is to be presumed."

■ We are of the opinion that the authority conferred upon the Commissioner and the Secretary of the Treasury related to the administrative functions of these officials and did not constitute a delegation of legislative power. It falls within the standard, or test, announced by the Supreme Court of the United States in United States v. Grimaud,[6] and Field v. Clark,[7] the standard, or test, being aptly stated in the following excerpts from the opinions in those cases:

(1) "From the beginning of the government, various acts have been passed conferring upon executive officers power to make rules and regulations,—not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions 'power to fill up the details' by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress, or by penalties fixed by Congress, or measured by the injury done." United States v. Grimaud, supra, at page 517, 31 S.Ct. at page 483.

(2) "The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must therefore be a subject of inquiry and determination outside of the halls of legislation." Field v. Clark, supra, at page 694, 12 S.Ct. at page 505.

In our opinion the District Court did not err in holding Joint Resolution 373 constitutional and a valid exercise of legislative power; and also in holding that Regulation

---

[5] "Congress could provide him with the means for obtaining such information in whatever detail might be necessary and that it preferred to let the Commissioner decide as to the need in the actual administration of the law rather than to require all dealers in such substances make reports, often perhaps wholly unnecessary and unwanted, curtailed the rights of no one. One who disposed of such substances might well insist that he be required to furnish only such infor-

mation as would enable the Commissioner to make his determination regarding the payment of taxes, but he could have no rights infringed because the Commissioner did not require all, or others, who also disposed of such substances to give information too." United States v. Goldsmith, supra, at page 985.

[6] 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563.

[7] 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294.

17 constituted a valid exercise of administrative power under the Joint Resolution. The facts as stipulated constitute a violation of the Joint Resolution.

The judgment of the District Court is affirmed.